## MAGNOLIA PETROLEUM CO. v. FORD.

No. 27936. May 17, 1938.

W. H. Francis, Blakeney, Wallace, Brown & Blakeney, and Crump & Carver, for plaintiff in error.

Wells, Greer & Wells, for defendant in error.

BAYLESS, V. C. J. Magnolia Petroleum Company, a corporation, appeals from a judgment of the district court of Seminole county based upon the verdict of a jury in favor of Joe Ford.

Ford alleged that he was the owner of certain real estate and described the improvements thereon. He then alleged:

"That during the year 1935 and in the spring or summer, the exact date not being at this time known, and, therefore not stated, the said defendant was engaged in the business of drilling for and producing oil in Seminole county, Okla., and on property adjacent to and adjoining the property of this plaintiff, and drilled various wells on said property, and that said wells produced oil, and that oil was allowed to escape from said wells and be deposited upon the grounds and in the ditches. and when large and heavy rains came it was carried by the waters down to, against and upon said property above described belonging to this plaintiff; and that said oil was permitted by the said defendant to escape, flow over, upon and against the property of this plaintiff."

He then alleged the extent of his damage and sought judgment for $850. The defendant's answer contained a general denial and the following:

"That plaintiff built the house and dance hall which he claims was damaged in the overflow bed of the river, knowing at the time that it was built that during high water his building would be overflowed. That plaintiff knew at the time of erecting the building that there was oil and other waste material coming down the river from the various wells in its drainage area, none of which were owned by the defendant herein, and that all the wells of the defendant were protected against all but the acts of God flooding the premises."

"Defendant alleges that any damages resulting from any overflow would have resulted equally without there having been oil on the surface of the water, by the water on the wells and floors of plaintiff's said building and dance hall."

The evidence showed that defendant had a producing lease a short distance from plaintiff's property and a slush pit thereon into which it deposited oil and refuse accumulations from the operations on the lease. This lease was on a higher elevation than plaintiff's property and the slope was towards his property. There was a stream running through plaintiff's property. A heavy rain caused the slush pit to overflow and finally to breach its wall, and these pollutive substances escaped into the stream and eventually reached plaintiff's property and damaged him. The evidence showed that

plaintiff's buildings were virtually in the bed of the stream, and he had an arrangement designed to handle the flow of the water so as to prevent injury to the buildings. It appeared that this arrangement was inadequate to handle the waters from the particular rain. Much of the defendant's defense is based upon this situation.

The first argument of the defendant is: The court erred in not sustaining the demurrer of defendant to the evidence of the plaintiff, because (a) the petition does not charge negligence; (b) the evidence does not show actionable negligence, and (c) showing of violation of law as negligence alone is not sufficient.

The defendant did not demur to the petition. This does not excuse plaintiff from the duty to prove the cause of action. But it does limit consideration to the cause of action made by the evidence. If the evidence is legally sufficient, the shortcomings of the petition are immaterial in the absence of an attack.

Consideration of "b" and "c" may be combined. The issue may be summarized in the language of "c". Is a showing of a violation of the statute, section 11580, O. S. 1931. 52 Okla. St. Ann. sec. 296, alone sufficient? We think so. We have said that where the operator of a lease fails to comply with the obligations imposed by statute, and a third person is injured by the escape of the substances, liability ensues. Indian Terr. I. O. Co. v. Henning, 179 Okla. 462, 66 P.2d 83; Texas Co. v. Mosshamer, 175 Okla. 202, 51 P.2d 757, and many other cases. The defendant did not in anywise undertake to excuse the escape from its premises, except to attribute it to the rain. But it did not establish a downpour amounting to what may be called an act of God, or any other exceptional circumstance.

Complaint is made of the giving of instructions 4 and 9. The argument hereunder is virtually that made on the preceding proposition, except that related to the evidence of negligence and this relates to the theory of law by which the negligence is judged. In other words, the argument is now made that the theory of law instructed upon is wholly erroneous. Our previous discussion disposes of this.

Complaint is likewise made of the failure to give requested instruction No. 1, which was one asking a directed verdict for defendant. Defendant says this embraces the theory presented in argument No. 1. What we have said disposes of this proposition.

Proposition No. 4 is: Negligence of defendant, if any, is not the proximate cause of injury. The defendant's theory is that the inadequacy of the arrangement plaintiff had to divert the water actually caused the overflow of his premises, and that most of the damage resulted from water and not from the pollutive substances. Whatever shortsightedness the plaintiff may have shown in establishing his home and place of business where he did, and regardless of the inevitability of his injury from an overflow, nevertheless, he would not be damaged by pollutive substances from defendant's lease unless defendant permitted them to escape. Defendant's negligence was a present, concurrent factor. That the rain or improper arrangements or bad location likewise were present and concurred is not a complete defense under this record. 11 Okla. Dig. (West) 24 Neg. Key No. 56-64. The jury must have believed that all of plaintiff's damage did not result from oil, etc., for their verdict was for $400, a figure much less than the amount sought or shown.

Judgment affirmed.

PHELPS, CORN, GIBSON, and HURST, JJ., concur.