## CHAMPLIN REFINING CO. v. COOPER.

No. 27157.   Dec. 20, 1938.

Nathan Scarritt, E. S. Champlin, and Biggers & Biggers, for plaintiff in error.

Leon C. Phillips and J. Walter Long, Jr., for defendant in error.

OSBORN, C. J.   The plaintiff herein recovered judgment against the defendant in the district court of Okfuskee county for damage to his automobile resulting from a collision with a horse belonging to said defendant. The defendant appeals from that judgment. We refer to the parties as they appeared in the trial court. The case was tried before a jury.

The evidence discloses that plaintiff's automobile was being driven by another party at a speed of approximately 35 miles per hour upon a public highway, U. S. No. 75, and upon rounding a curve in said highway suddenly came upon and ran into a

horse belonging to the defendant, and as a result plaintiff's automobile was damaged. The collision occurred in the nighttime at approximately 8 o'clock p. m. The horse had wandered upon the highway from defendant's premises. Both parties agree that the presence of the horse upon the highway, at large and unattended, was a violation of the Herd Law, sections 8986-9045, O. S. 1931, of this state. The foregoing is substantially all of the evidence and is undisputed.

At the conclusion of the plaintiff's evidence, as set forth above, the defendant demurred thereto, and upon said demurrer being overruled, defendant moved for a directed verdict. The trial court also denied the motion for a directed verdict in favor of the defendant, and, when the defendant rested without introducing any evidence, submitted the case to the jury, which returned a verdict in favor of the plaintiff.

The defendant assigns as error the action of the trial court in overruling the demurrer to plaintiff's evidence and denying the motion for directed verdict as well as certain instructions to the jury. Counsel agree, however, that the question presented on this appeal is whether the presence of a domestic animal, at large and unattended, upon a public highway, in violation of a statute which imposes a positive duty upon the owner thereof of preventing such an animal from running at large and unattended, is prima facie evidence of negligence on the part of said owner, and, if not rebutted, sufficient to sustain an action for damages for injuries resulting therefrom, if the other elements of actionable negligence concur.

The trial court held the unlawful presence of the horse upon the highway established a prima facie case of negligence against the defendant under section 9006, O. S. 1931 (4 Okla. St. Ann. sec. 131), part of the Herd Law of this state, which provides:

"The owner of any stock or domestic animal prohibited by law, from running at large or prohibited by police regulation adopted by vote of any stock district from running at large within the district at any of the times shall be liable for all damages done thereby while wrongfully remaining at large upon the public highway or upon the lands of another; which damages may be recovered by action at law; or the party injured may, at his option, distrain the trespassing animals and retain the same in some safe place, at the expense of the owner, until damages are paid, as provided in this article, said damages to be assessed

pro rata per head, and each owner, if more than one owner, shall be liable for the pro rata amount, and each owner shall have the right to discharge his stock from distraint by paying the said pro rata amount to the person damaged, together with his pro rata share of the costs of such distraint; Provided, however, that no stock or domestic animal prohibited from running at large by virtue of such police regulation shall be considered as running at large so long as the same is upon unimproved and uncultivated lands of the owner of said stock and the immediate care and control of the owner or upon the public highway under such control; but if permitted while under such care and control to stray upon the lands of another, it shall be held at large."

It is true the violation of a statute may of itself be a negligent act, but unless the injury complained of is the proximate result thereof, and the person injured a member of the class intended to be protected by such statute and the injury of the kind the statute intended to prevent, the violation of a statute does not constitute actionable negligence. 45 C. J. secs. 107-113, pp. 724-729; 20 R. C. L. sec. 35, p. 41. Consequently, the primary question for consideration is whether motorists traveling upon the public highways are members of the class which this statute was intended to protect and the injury suffered herein the kind of injury the statute was intended to prevent.

The above-quoted statute, part of the legislative act commonly called the Herd Law, was enacted by the Legislative Assembly of the Territory of Oklahoma in 1903. Chapter 1, art. 1, S. L. 1903. It was entitled "An Act To Regulate and Restrain the Running at Large of Domestic Animals, and to Provide for the Building and Maintaining of Fences." This act was extended in force in the state of Oklahoma upon its admission into the Union. Allen v. Walden, 27 Okla. 94, 111 P. 316. The act has continued in force to the present date with amendments. Section 9006, supra, has not been altered by amendment. The fundamental rule of construction of a legislative enactment is to ascertain and give effect to the intention of the Legislature as expressed in the statute under consideration. Childers v. Paul, 177 Okla. 111, 57 P.2d 872.

Considering the foregoing statute in the light of the above rule, as well as the date of enacting the same, it is obvious the statute was enacted for the purpose of protecting agricultural crops from the ravages of straying domestic animals rather than motorists upon the highways. That

such was the legislative intent is further demonstrated by the provision in said act that the injured party was granted the right to distrain the animals causing the damage. The reason for this provision is that the damage to agricultural crops is usually so·small that the party injured does not feel justified in instituting an action in court because of the cost, and this statute provides a cheap and expeditious method for recovering compensation for the damage suffered. Since the purpose was to protect agricultural crops, motorists traveling upon the public highways are not members of the class which the Legislature intended to protect, nor are injuries sustained from collisions by motorists with domestic animals the kind of injuries the Legislature intended to prevent in enacting this statute. An obvious reason the Legislature did not intend for this statute to be applicable to a situation as in the case at bar is that there were few, if any, automobiles traveling upon the highways at the time of the passage of the statute. In view of the circumstances existing at the time of enacting the bill and the problem the Legislature was endeavoring to solve, it would be an unwarranted extension of the terms of that statute by judicial interpretation to hold now, 35 years after the passage of the statute, that the Legislature intended it as a rule and guide for fixing liability for damages to motorists · using the highways.

In a number of states the courts have held that the particular statute in that jurisdiction prohibiting domestic animals from running at large was enacted for the purpose of protecting motorists traveling upon the highways, and that consequently a violation of that statute is in itself proof of such negligence as will sustain an action for damages resulting therefrom, if the other elements of actionable negligence concur. Kenney v. Antonetti (Cal.) 295 P. 341; Anderson v. Jameson Corporation (Cal.) 59 P.2d 962; Hansen v. Kemmish (Iowa) 208 N. W. 277, 45 A. L. R. 498; See annotation 45 A. L. R. 505, for general discussion of this subject.

But, regardless of the construction placed upon the statutes of other states, the Herd Law of this state, construed in accordance with those factors which determine the legislative intent, was not enacted for the purpose of protecting motorists traveling upon the public highways from domestic animals. Such a construction would place such a burden upon the owners of domestic animals as to discourage ownership thereof.

In Marsh v. Koons, 84 N. E. 599, the Supreme Court of Ohio held, in accord with the views herein expressed, that the statute of that state prohibiting certain domestic animals from running at large was not enacted to protect travelers upon the highways. The court said:

"Looking to the statute and the previous legislation in this state, it cannot be said that the object was to provide for the safety of travelers upon the highway. ＊ ＊ ＊ The object of the statute not being the safety of travelers upon the highways, the petition does not state a cause of action in the absence of an averment of facts implying that the injuries resulted from the negligence of the defendant in the performance of a duty owing to the plaintiff."

Since the presence of a domestic animal, at large and unattended, contrary to statutory provisions, upon a public highway is not in itself prima facie proof of negligence on the part of the defendant, the burden was upon the plaintiff herein affirmatively to prove negligence on the defendant's part. The plaintiff did not make such proof, and, in fact, introduced no evidence which would tend to prove the defendant negligent. It follows, therefore, that defendant's motion for a directed verdict should have been sustained.

The judgment of the trial court is reversed.

BAYLESS, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur. WELCH, J., concurs in conclusion. CORN and DAVISON, JJ., dissent. RILEY, J., absent.