SINCLAIR PRAIRIE OIL CO. et al. v. STELL et al.

No. 30471. March 3, 1942.

Rehearing Denied April 7, 1942.

*124 P. 2d 255.*

Anglin & Stevenson, of Holdenville, William C. Liedtke, of Tulsa, B. B. Blakeney, Jr., of Oklahoma City, and Goode & Goode, of Shawnee, for plaintiffs in error.

J. D. Lydick, of Oklahoma City, and Homer Bishop, of Seminole, for defendants in error.

OSBORN, J. This action was instituted in the district court of Pontotoc county by Delois M. Stell, and John Edward Stell and Kenneth Wayne Stell, minors, by their mother and next friend, Delois M. Stell, hereinafter referred to as plaintiff, against the Sinclair Prairie Oil Company and eleven other oil companies, hereinafter referred to as defendants, wherein it was sought to recover damages for the alleged wrongful death of Edward A. Stell, the deceased husband of Delois M. Stell and the father of the minor plaintiffs. Issues were joined, the cause was tried to a jury, and a verdict was returned in favor of plaintiff. From a judgment thereon, defendants have appealed.

Deceased met his death by drowning when a car in which he was riding plunged from a bridge into a pool of salt water and oil which had escaped from the operations of the various defendants into Salt creek. It was the theory of plaintiff that the escape of salt water and oil into the creek in violation of statute was the proximate cause of the death of deceased.

Plaintiff alleged that on August 15, 1937, at about 1 o'clock a. m., the deceased was driving a 1937 Chevrolet pick-up automobile along a section line road in Pontotoc county, which road crossed a creek known as Salt creek; that said creek was theretofore spanned by a bridge; that for about 60 days prior to the date of the fatal injury the abutment or north end of the bridge was out, having been washed away by a flood; that there was no barrier or warning sign on the highway to warn the public of the condition of said bridge; that defendants, in violation of law, had permitted salt water and other pollutive substances to accumulate in the creek directly under the bridge; that under the bridge was a pool approximately 6½ feet deep, 16 feet wide and 20 feet long; that had it not been for the acts of defendants in permitting the escape of salt water and other substances from their leases the creek bed would have been dry. Plaintiff alleged that deceased drove his automobile off of the bridge and into the pool of water heretofore described and met his death by drowning.

There is but little controversy with reference to the facts. The issues on appeal are solely issues of law. Therefore, we find it unnecessary to make further reference to the fact situation.

It is urged first by defendants that the plaintiff failed to plead or prove a breach of duty owed by defendants to deceased. In this connection it is not disputed that salt water and other deleterious substances escaped from the operations of the various defendants into Salt creek, a natural watercourse, and collected under the bridge where the deceased met his death. It is not disputed that the escape of such substances from the operations of defendant is expressly prohibited by the provisions of Title 52, O. S. 1941, § 296 (sec. 11580, O. S. 1931), which is as follows:

"No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land."

It is urged by defendants that it is not enough to show that there was a violation of the statute and that there would have been no injury but for such violation, but where the statute is relied upon to establish liability, it is necessary to show that the injury must

have been one which the statute was intended to prevent.

We have repeatedly held that a violation of the above-quoted statute constitutes negligence per se and justifies damages without proof of other negligence. Magnolia Petroleum Co. v. Ford, 183 Okla. 14, 79 P. 2d 588. For other authorities see West's Oklahoma Digest, vol. 14, Waters and Water Courses, Key No. 67.

Defendant relies upon the rule announced in the case of Champlin Refining Co. v. Cooper, 184 Okla. 153, 86 P. 2d 61. In that case plaintiff, while operating an automobile on the highway, ran into a horse belonging to the defendant, resulting in damages to plaintiff's automobile. The presence of the horse upon the highway was a violation of the Herd Law, sections 8986-9045, O. S. 1931. In denying recovery to plaintiff therein, we said:

"It is true the violation of a statute may of itself be a negligent act, but unless the injury complained of is the proximate result thereof, and the person injured a member of the class intended to be protected by such statute and the injury of the kind the statute intended to prevent, the violation of a statute does not constitute actionable negligence. 45 C. J. §§ 107-113, pp. 724-729, 20 R.C.L. § 35, p. 41. Consequently, the primary question for consideration is whether motorists traveling upon the public highways are members of the class which this statute was intended to protect and the injury suffered here the kind of injury the statute was intended to prevent."

In the case of Larrimore v. American National Ins. Co., 184 Okla. 614, 89 P. 2d 340, plaintiff sought recovery of damages for personal injuries sustained by the explosion of a·can of rat poison and attempted to invoke the provisions of a statute prohibiting the laying out of poison. Therein we said:

"It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him. 20 R.C.L. 41, 42, 43; 45 C. J. 726-728; Lang v. New York Central R. Co., 255 U. S. 455, 41 S. Ct. 381, 65 L. Ed. 729. Negligence is a breach of duty. Those only to whom that duty is due and who have sustained injuries of the character its discharge was designed to prevent can maintain actions for its breach. Chicago, G. W. Ry. Co. v. Minneapolis, St. Paul & S. S. M. Ry. Co., 8 Cir., 176 F. 237, 100 C.C.A. 41, 20 Ann. Cas. 1200.''

A summation of the holdings of the various authorities dealing with the question is found in 38 Am. Jur., Negligence, § 163, p. 834, as follows:

"An action for negligence based upon an alleged violation of a statute or ordinance cannot be maintained where it appears that the statute or ordinance was enacted or ordained for a purpose wholly different from that of preventing the injury of which complaint is made. To afford a right of action for injury from the violation of a statute or ordinance, the complainant's injury must have been such as the statute or ordinance was intended to prevent. If none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong, even though some other injurious consequence has resulted. It is not enough for a plaintiff to show that the defendant neglected a duty imposed by statute and that he would not have been injured if the duty had been performed. He must go further and show that his injury was caused by his exposure to a hazard from which it was the purpose of the statute to protect him."

Plaintiff contends that the above-quoted statute has been construed as sufficient to cover injuries of the nature involved herein and relies upon certain language found in our former opinions construing this statute. We are referred to the case of Texas Company v. Mosshamer, 175 Okla. 202, 51 P. 2d 757, wherein we pointed out that "Since the adoption of the Revised Laws of 1910, this statute has been treated as a penal statute and also as a remedy for the benefit of all persons who may suffer injury by a violation of its terms." In that case there was involved an issue

of damages to livestock. No issue as to the scope or extent of the liability fixed by the statute was before the court. The language relied upon is not susceptible of the meaning ascribed to it by plaintiffs. We merely pointed out that the statute provided a remedy for all persons who sustained any of the injuries contemplated by the terms of the statute.

Plaintiff relies upon the case of Northup v. Eakes, 72 Okla. 66, 178 P. 266, but therein the court pointed out that the injury involved in that case was the "natural and probable consequence of the negligence or wrongful act and that it (the fire) ought to have been foreseen in the light of the attendant circumstances." We think the conclusion of the court on that point is correct. Nor do we take issue with the principle laid down in the case of Conway v. Monidah Trust Co., 47 Mont. 269, 132 P. 26.

Plaintiff directs our attention to certain cases from the Supreme Court of Kansas. In the case of State Highway Commission v. Empire Oil & Ref. Co., 141 Kan. 161, 40 P. 2d 355, it was shown that certain crude oil had escaped into a stream and caught fire. As a result of the fire a bridge on the highway was destroyed. It was held that the oil operators were liable for the damages to the bridge. It appears that Kansas has a statute somewhat similar to our own. (R. S. 55-121). Although the statute was referred to in the opinion, it appears that the opinion was predicated in the main upon the general principle of "liability without fault," as laid down in the ancient English case of Rylands v. Fletcher, 1 E.R.C. 236, L. R. 3 H. L. 330, 37 L. J. Ex. 161, 179 L. T. (N. S.) 220, which doctrine has been accepted in Kansas. But this court has specifically declined to follow said doctrine to its fullest extent. Gulf Pipeline Co. v. Sims, 168 Okla. 209, 32 P. 2d 902; Gulf Pipeline Co. v. Alred, 182 Okla. 400, 77 P. 2d 1155.

Our attention is also directed to the case of Berry v. Shell Petroleum Co., 140 Kan. 94, 33 P. 2d 953. That was an action for damages caused by seepage of salt water which ruined the water supply of the plaintiff. Again the court referred to the statute prohibiting the escape of salt water and oil, but the liability, it appears, was not predicated wholly upon the provisions of the statute, but upon the violation of a common-law duty as well.

We here point out that both of the Kansas cases involved damages to property, and neither involved damages resulting from personal injuries.

In the instant case the only negligence relied upon as against defendant companies was the negligence resulting from the violation of the statute. Since the statute is not applicable, plaintiff wholly fails to show any liability on the part of said defendants for the death of the deceased.

The trial court erred in denying the motion for instructed verdict.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the same.

WELCH, C. J., CORN, V. C. J., and BAYLESS, GIBSON, and HURST, JJ., concur. RILEY, DAVISON, and ARNOLD, JJ., absent.