## EARL W. BAKER & CO. et al. v. LAGALY.

### No. 2900.

Circuit Court of Appeals, Tenth Circuit.

Aug. 14, 1944.

Mart Brown, of Oklahoma City, Okl. (Ames, Monnet, Hayes & Brown, of Oklahoma City, Okl., on the brief), for appellant Earl W. Baker & Co.

Draper Grigsby and Ben Franklin, both of Oklahoma City, Okl. (Cruce, Satterfield & Grigsby, of Oklahoma City, Okl., on the brief), for appellant Truck Insurance Exchange of Los Angeles, Cal.

James Rinehart, of El Reno, Okl. (Rinehart & Welden, of El Reno, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Truck Insurance Exchange, of Los Angeles, California, issued and delivered its contract of liability insurance covering a bus owned and operated by Consolidated School District 57, Canadian County, Oklahoma, in the transportation of school children to and from the school at Union City, Oklahoma. Patrick F. Lagaly attended the school, and on the afternoon in question he was a passenger on the bus returning home. He left the bus at a point near his home, was struck and injured by a truck owned and operated by Earl W. Baker and Company, and died about five hours later. George A. Lagaly, administrator of the estate of the deceased, instituted this action against Truck Insurance Exchange and Earl W. Baker and Company to recover damages. Responding to special interrogatories, the jury expressly found that both defendants were negligent, and that the negligence of each was a proximate cause of the injury. A general verdict was returned for the plaintiff, judgment was entered accordingly, and defendants appealed. For convenience, reference will be made to the parties in the manner in which they appeared in the trial court.

Defendant Truck Insurance Exchange advances the contention that its liability was limited to the operation of the bus; that the operation of the bus did not have anything to do with the accident; and that therefore plaintiff was not entitled to recover on the policy. Section 13, Article 9, Chapter 34, Laws of Oklahoma 1939, Section 1195$l$, Title 70, Oklahoma Statutes 1941, provides that the governing board of a school district authorized by the Act to furnish transportation may purchase insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of a motor vehicle used in the transportation of school children under the Act; that no action shall be brought against the school district under the section, but may be brought against the insurer; and that the amount of damages recovered shall be limited to the amount provided in the contract of insurance. The policy was issued and acquired under the authority of the statute, and it provided for the payment of damages for bodily injuries, including death at any time resulting therefrom, sustained by any person or persons, caused by accident arising out of the ownership, maintenance, or use of the bus. Under the statute and the policy, the liability of the insurer was limited to damages for injury arising out of the operation of the bus.

But the operation of the bus within the scope of the statute and the policy included the receiving of the children into the bus and their exit from it. The Lagaly children were being transported from school to their home. When the bus

reached a point on the highway in front of the Lagaly home, the driver pulled over on the east shoulder of the highway and stopped in order that the Lagaly children might alight. Patrick F. Lagaly alighted, walked around in front of the bus, and started across the highway toward his home. The truck was passing the bus at that instant, and the child came in contact with it. Opening the door of the bus and allowing the children to alight in those circumstances was an integral part in the operation of the bus. Phillips v. Hardgrove, 161 Wash. 121, 296 P. 559; Pendarvis v. Pfeifer, 132 Fla. 724, 182 So. 307.

It was the duty of the school district to exercise extraordinary care for the safety of the children being transported to and from school. Phillips v. Hardgrove, supra; Roberts v. Baker, 57 Ga.App. 733, 196 S.E. 104. Here the bus was traveling eastward on a dirt road which intersects with a paved highway running north and south. As it approached the intersection, the driver looked to the south and saw the truck coming north on the highway. It was then between a quarter and a half mile away and was traveling at about thirty miles per hour. The bus proceeded onto the highway, turned to the left, and started north on the highway. It went for approximately a quarter of a mile to the point in front of the Lagaly home where it stopped. The driver knew that the paved highway was traveled generally; knew or should have known that the Lagaly children would immediately start across it in order to reach their home; and knew or should have known that the truck was following the bus. Yet, without exerting any effort to ascertain the condition of traffic approaching from the rear, without making any effort to ascertain the proximity of the truck, and without giving the children any warning in respect of the approaching truck, he opened the door and permitted them to alight. Considering all the facts and circumstances in their totality, the jury was warranted in finding that the driver was negligent in the operation of the bus, and that the negligence was a proximate cause of the accident. Machenheimer v. Falknor, 144 Wash. 27, 255 P. 1031; Phillips v. Hardgrove, supra; Pendarvis v. Pfeifer, supra; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; Reeves v. Tittle, Tex.Civ.App., 129 S.W.2d 364.

The statute, supra, authorizes insurance for the purpose of paying damages to persons sustaining injuries proximately caused by the operation of motor vehicles used in the transporting of school children. This is not an action by the person who suffered the injury. It is by the administrator of the estate of the deceased. But no reason is suggested for a legislative purpose to make provision for the protection of one who receives an injury arising out of the operation of a school bus, and at the same time absolve the insurer from any liability in the event of the death of the injured person. There is no basis for the conclusion that the legislature intended to bring about such a harsh and unreasonable result. Taking into account the purpose of the statute, the language contained in it, and the provisions of the policy, we think the policy covers damages for injury arising out of the negligent operation of the bus which results in death, and that the administrator of the estate of the deceased may maintain the action on the policy. Hindel v. State Farm Mut. Auto Ins. Co., 7 Cir., 97 F.2d 777, certiorari denied 305 U.S. 647, 59 S.Ct. 153, 83 L.Ed. 418.

Section 12, Article 9, Chapter 34, Laws of Oklahoma 1939, Section 1195k, Title 70, Oklahoma Statutes 1941, provides that the driver of a motor vehicle on a highway or road outside the limits of a city or town shall bring his vehicle to a complete stop before passing a vehicle being used in the transportation of school children which has stopped for the purpose of permitting a child or children to enter or alight from such vehicle, and it provides a penalty for its violation. The driver of the truck knew that the bus ahead was a school bus. He saw it pull over to the shoulder of the highway and stop in order to permit the children to alight. Yet he made no effort to stop. Instead he continued at about thirty miles per hour. The failure to perform a statutory duty imposed under the police power of the state for the protection of the public, or the violation of an express statute for the protection of the public, constitutes negligence. Westlake v. Cole, 115 Okl. 109, 241 P. 809; Midland Oil Co. v. Ball, 115 Okl. 229, 242 P. 161; La Fayette v. Bass, 122 Okl. 182, 252 P. 1101; Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okl. 253, 254 P. 20; Magnolia Petroleum Co. v. Witcher, 141 Okl. 175, 284 P. 297. But unless the injury complained of is the proximate result of the negligence, and the person injured is a member of the class intended to be protected,

the negligence is not actionable. Champlin Refining Co. v. Cooper, 184 Okl. 153, 86 P.2d 61; Sinclair Prairie Oil Co. v. Stell, 190 Okl. 344, 124 P.2d 255. This statute was intended to protect school children being transported to and from school. The deceased was within that class. The failure to stop the truck constituted actionable negligence, and the jury was warranted in the conclusion that the negligence was a proximate cause of the accident.

The verdict was for $5000, and it is challenged on the ground of being excessive in amount. The deceased was six years of age at the time of his death. He was survived by his father, mother, several brothers, and several sisters. The family lived on a farm, and the deceased did such chores and rendered such aid as are usually done by a child of that age. He was intelligent, made good grades in school, and was faithful and obedient. When attacked on this ground, a verdict should not be disturbed on appeal unless it is so plainly excessive as to suggest that it was the result of passion or prejudice on the part of the jury. Lakeview, Inc., v. Davidson, 166 Okl. 171, 26 P.2d 760; Hale-Halsell Co. v. Webb, 184 Okl. 589, 89 P.2d 273. The amount of damages properly recoverable in a case of this kind is incapable of exact mathematical demonstration. It is a matter of reasonable approximation having its basis in a proper consideration of all relevant factors. In Hale-Halsell Co. v. Webb, supra, a verdict of $6000 for the death of a girl four years of age was sustained. In Lakeview, Inc., v. Davidson, supra, recovery of $8000 for the death of a boy five years of age was upheld. And in Kurn v. Youngblood, Okl.Sup., 142 P.2d 983, an award of $10,000 for the death of a boy fifteen years of age was approved. Our course chartered by these cases, we cannot say that this verdict was excessive.

The court included in the judgment the sum of $450 for funeral expenses, without having submitted the matter to the jury. Challenging that action, it is contended that the parties agreed at the pre-trial conference that $450 was a reasonable sum for funeral expenses but did not agree that plaintiff had actually been out that much, and that proof was not waived. But to this we cannot assent. The proceedings at the pre-trial conference amounted to an agreement of the parties that the sum mentioned should be the amount allowed for funeral expenses in the event of recovery for the death of the deceased. In the light of the agreement, there was no occasion to submit the matter to the jury. The court was well within its rights in including the amount in the judgment, based on the agreement. Delco Light Frigidaire Co. v. Babb, 168 Okl. 207, 32 P.2d 894.

Affirmed.