## ELAM v. LOYD.

No. 33330.   March 22, 1949.

*204 P. 2d 280.*

Carder & Carder, of Hobart, and Edwards & Edwards, of Cordell, for plaintiff in error.

Jones & Wesner and Ash & Bailey, all of Cordell, for defendant in error.

JOHNSON, J. Plaintiff alleged in his petition that on the 30th day of June, 1944, in the nighttime, he was proceeding, in an International tractor, west on State Highway No. 51 between

the towns of Rocky and Sentinel; that at the same time the defendant in an automobile was proceeding west on the same highway; that the defendant drove his automobile into plaintiff's tractor, inflicting damage upon the tractor and injury to the plaintiff. Plaintiff alleged that the collision was caused by the negligence of the defendant in one or all of the following particulars: (1) that at the time of the collision, the automobile being operated by defendant was being driven at a reckless and excessive rate of speed under all the facts and circumstances and at a speed in excess of 40 miles per hour; (2) that in violation of a rule of the road, the defendant, operating a vehicle overtaking the tractor of the plaintiff, did not keep to the left of the center of the road until entirely clear of the vehicle being passed; (3) that defendant carelessly, recklessly, and with gross disregard of the rights of the plaintiff drove his automobile against the tractor of the plaintiff, and by the exercise of reasonable care defendant could have avoided the collision, and (4) that defendant did not have his automobile in such condition and under such control that he could bring the same to a stop within the clear, sure distance ahead.

For answer, the defendant pleaded a general denial, and for further answer pleaded contributory negligence on the part of the plaintiff in that the plaintiff was operating his tractor in the center of the road and not to the right of the center of the road, and that plaintiff did not have a taillight on his tractor as required by law.

The reply of the plaintiff was a general denial.

The first proposition of the plaintiff is that the verdict is contrary to and in disregard of the evidence. Plaintiff contends that the facts going to the question of liability of the defendant are virtually undisputed and insists, therefore, that this is not a case of a general verdict on conflicting testimony, which would amount to the finding of the necessary facts to support the verdict, for the reason that there is no testimony of any weight raising an issue which will relieve the defendant from liability for the damage caused by his negligence. It may, for the purpose of argument, be conceded that the plaintiff has established without conflict the negligence of the defendant, but the defense of contributory negligence raised by the pleadings presents this issue for examination to determine whether there is evidence in this connection to support the judgment. There is evidence that the taillight of the tractor was burning when plaintiff left Rocky, four and a half miles from the scene of the accident, and there is evidence that the taillight of plaintiff's tractor was burning a mile and a half from Rocky. Plaintiff testified that he knew the taillight was burning because of the reflection of the light on the tires, which extended behind the taillight. On the other hand, defendant testified that he did not see a taillight; that it was not burning when he drove upon the tractor.

We have often said that questions of negligence and of contributory negligence are questions of fact for the jury and the court's judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same. Bunch v. Perkins, 198 Okla. 517, 180 P. 2d 664; Muzny v. Holland, 193 Okla. 695, 146 P. 2d 292.

Plaintiff's second proposition is that the court erred in giving that part of instruction No. 7 as follows:

"Every motor vehicle, operating over Federal or State Highways in this State between dusk and dawn shall be required to display two front lights and one rear red light not less than three inches in diameter."

It is established that before the collision the taillight on plaintiff's tractor had a yellow lens about four inches in diameter. Plaintiff urges that the

giving of the quoted instruction was error because the jury was not instructed that it should determine whether or not the display of a yellow taillight instead of a red light was negligence proximately causing the accident but was a virtual instruction to bring in a verdict for the defendant. With this we cannot agree.

The instruction follows almost verbatim the language of the statute covering the requirements for vehicle lights, 47 O.S. 1941 §131:

"Every motor vehicle, except motor cycles, operating over the Federal or State Highways in this State between dusk and dawn shall be required to display two front lights and one rear red light not less than three inches in diameter. . . ."

We have examined the instructions given by the trial court to the jury and there are general instructions on the issues of negligence and contributory negligence and proximate cause is defined. Instruction No. 3 is as follows:

"The proximate cause of an injury is the efficient cause, the cause that sets in operation the acts which result in the injury, and without which the injury would not have happened."

And instruction No. 5 is as follows:

"You are instructed that contributory negligence is an act or omission upon the part of the person injured amounting to a want of ordinary care, which act or omission combining and concurring with the negligent act of the defendant is the proximate cause of the injury complained of."

We have long adhered to the rule that although the violation of a statute may be a negligent act, the violation does not constitute "actionable negligence" unless the injury complained of is the proximate result thereof and the person injured is a member of the class intended to be protected by the statute and injury is of the kind statute intended to prevent. Sinclair Prairie Oil Company v. Stell, 190 Okla. 344, 124 P. 2d 255; Champlin Refining Co. v. Cooper, 184 Okla. 153, 86 P. 2d 61.

Under all of the instructions of the court, it is plain that for the negligence of the plaintiff to preclude recovery it must have combined and concurred with the negligent act of the defendant as the proximate cause of the injury. It would seem that the failure of the trial court to instruct that the violation of the statute is negligence per se is more favorable to the plaintiff than to the defendant. See Elam v. Beverly, 191 Okla. 375, 129 P. 2d 838. There is no contention made that the defendant is not a member of the class which the statute above is intended to protect, or that the injury is not of the kind the statute intended to prevent. Although the evidence is that the lens of the taillight was yellow instead of red, the evidence as to whether the taillight was burning was in conflict. If the jury had found the taillight, though yellow, was burning, they could have found under the instructions that the negligence of the plaintiff in failing to comply with the requirements of the statute as to the color of the taillight was not contributory negligence.

Affirmed.