ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, and George B. Willis and S. C. Cole, Plaintiffs in Error,

v.

Jim WITTY, as Administrator of the Estate of Sammie Fish, deceased, Defendant in Error.

No. 37776.

Supreme Court of Oklahoma.

Jan. 21, 1958.

Rehearing Denied July 2, 1958.

James L. Homire, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for plaintiffs in error.

Robert G. Grove, Oklahoma City, Max Darks, Holdenville, for defendant in error.

CORN, Vice Chief Justice.

■ This is an action by plaintiff, Jim Witty, administrator of the estate of Sammie Fish, deceased, against the St. Louis-San Francisco Railway Company, a corporation, and George B. Willis and S. C. Cole, defendants. The parties will be referred to herein as they appeared in the trial court, and Sammie Fish as deceased.

The plaintiff, in substance, alleged in his petition that the deceased was killed by the impact of the train against the body of said deceased due to the negligence of the defendant's agents and servants in that the speed of the train was excessive and unreasonable under the circumstances.

The answer of the defendants was a general denial; negligence and contributory negligence of the plaintiff. After the issues were joined the case was tried to a jury, and at the conclusion of the evidence of the plaintiff, the court sustained defendant's demurrer to the evidence. Upon presentation of a motion for a new trial the court sustained the motion and granted a new trial, and the defendants appeal from the

action of the court. The evidence shows that Sammie Fish was killed shortly after midnight, and the only eye witnesses were two of the railway company's employees, S. C. Cole, engineer, and Lewis Harrison, fireman.

They both, in effect, testified that they were operating the train at the time the deceased was killed; that they were going about 65 miles per hour, the usual rate of speed required by the company, and about the time they entered the town of Wetumka they observed an object on the track about 600 feet ahead of the train; that the object appeared to be a piece of "shipping paper or card board blown from the industrial tracks" but later discovered it was the deceased; that the emergency brakes were applied but it was impossible to prevent the accident. They further testified that the deceased was kneeling on left knee with his arms folded on his right knee, and with his face toward the ground, and that he did not move from the time they saw him until he was struck by the train. He was not struck while attempting to cross the tracks, but after he had stopped on the tracks.

We must determine whether the evidence of the plaintiff, as to the negligence of the defendants, was such as to require the court to submit the case to the jury for it to decide. We find no such evidence.

In Atchison, T. & S. F. Ry. Co. v. Howard, 186 Okl. 446, 98 P.2d 914, 915, in paragraphs 2, 5 and 6 of the syllabus, we held:

2. "To constitute actionable negligence, where the wrong is not willful and intentional, three essential elements are necessary: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure. * * *

5. "A railroad company will not be liable for an accidental death alleged to have been caused by the negligence of its employees in the operation of one of its trains where there is a total lack of positive evidence of negligence, or of facts and circumstances from which such negligence can be inferred.

6. "A demurrer to the plaintiff's evidence, or a motion for directed verdict, should be sustained unless it is reasonably apparent from the evidence that the death was caused by some wrongful act of the defendant's agent or servants in violation of a legal duty owing to the decedent; and the mere fact that the deceased was killed carried with it no presumption of negligence."

We also stated in the body of the opinion:

"If a pedestrian sits on a railroad track he becomes a trespasser to whom the railroad company owes no duty other than not to wantonly or willfully injure him."

There is no evidence to show why the deceased was on the railroad tracks, how he got there or how long he had been there before the accident. But under the evidence in this case the deceased was a trespasser to whom the defendants owed no duty to protect until he was discovered in a perilous position, and then to exercise ordinary care in the operation of its train to prevent injuring him.

It appears to us under the facts in this case that the plaintiff, although presenting all the witnesses available, and making the best case possible, it still falls short of being sufficient evidence upon which to be submitted by the court to the jury for its determination.

The judgment of the trial court is reversed with directions to set aside the order sustaining the motion for a new trial, overrule said motion and reinstate the order sustaining defendant's demurrer to the plaintiff's evidence.

HALLEY, JOHNSON, WILLIAMS, JACKSON and BLACKBIRD, JJ., concur.

WELCH, C. J., and DAVISON and CARLILE, JJ., dissent.