PEPSI–COLA BOTTLING CO. OF TULSA, OKLAHOMA, Inc., a corporation, and Albert Cole, Jr., Plaintiffs in Error,

v.

Maria VON BRADY, Defendant in Error.

No. 40379.

Supreme Court of Oklahoma.

Oct. 22, 1963.

As Corrected Nov. 18, 1963.

Rehearing Denied Nov. 19, 1963.

Application for Leave to File Second Petition for Rehearing Denied Jan. 7, 1964.

Alfred B. Knight, Tulsa, for plaintiffs in error.

Wesley V. Disney, Jack I. Gaither, Tulsa, for defendant in error.

JOHNSON, Justice.

This action for personal injuries was commenced in the District Court of Tulsa County, Oklahoma, by defendant in error, hereafter referred to as plaintiff. The petition alleged that on October 6, 1960, plaintiff was driving north on Peoria Avenue in the City of Tulsa; that the defendant (plaintiff in error) by its employee had parked a 1957 Chevrolet truck on the east side of Peoria Avenue, headed north, in a "no parking" zone; that an "unknown person" was also driving north, and as he was passing plaintiff's car on the left he suddenly and without warning swerved to the right as he was passing and forced plaintiff to the right and into the rear of defendant's parked truck, causing the injuries alleged. The specific allegations of negligence on the part of the defendant were:

"* * * (a) In that the defendant, Cole, parked said truck and left it standing in a place where official 'no parking' signs were erected;

"(b) In that said truck was so parked and left standing in a dangerous and hazardous position upon a busy and heavily-traveled through street when

defendants knew or should have known that it would impede the normal flow of traffic and would create a hazard and danger to traffic upon the through street;

"(c) In that said truck was not parked with the curbside wheels within twelve (12") inches of the curb;

"(d) And in that in parking said truck and leaving it standing as aforesaid, defendants violated the laws and statutes of the State of Oklahoma and the provisions of Ordinance No. 7110 of the City of Tulsa which were then and there in full force and effect and which are attached hereto, marked 'Exhibit A,' and made a part hereof. * * *".

The answer of the defendants denied generally the allegations of the plaintiff's petition and alleged that the sole and approximate cause of the accident was the negligence of the unknown third party; that the accident was unavoidable; that plaintiff was guilty of contributory negligence. Plaintiff's reply to defendants' answer was a general denial.

The case was tried before the court, both sides having waived a jury.

The court awarded the plaintiff a judgment for $9,000.00. Upon overruling of defendants' motion for new trial, this appeal was lodged.

But one proposition is submitted by defendants, to-wit: That the trial court erred in not sustaining the defendants' demurrer and in not resolving the issues in favor of the defendants.

This calls for a review of the evidence, which it is conceded is not in conflict.

No question is involved in this case concerning the medical testimony; therefore, the resume of the evidence will be limited to the question of whether the defendant is guilty of actionable negligence.

Plaintiff was the first witness, and she testified that she was going north on Peoria and was about in the intersection of Young and Peoria when "all at once a green car just came beside me and pushed me—He was even with my car, and he pushed into me, and there was oncoming traffic, and all I could do was swerve quickly to the right and I didn't have time to straighten myself out, and I swung back to the left to avoid a truck, but I still hit it." She stated further that the truck was facing north on the right side of the street a truck length or so north of Young Street. She was traveling about thirty miles per hour.

There is no conflict in the evidence, so the above facts as set forth in plaintiff's testimony are undisputed and furnish the basis for a decision of this case. Just to clear one point in the record, the allegations of the petition in regard to the parking being too far in the street are not sustained by the evidence. The testimony on this point was that the truck was properly parked except for the city ordinance in respect to the no parking zone. No contention to the contrary is made in the brief.

■ The rule is well-established in this jurisdiction that violation of a city ordinance does not subject a party to civil liability unless such violation was the proximate cause of the resulting injury. See 65 C.J.S. Negligence § 106, page 655, where the headnote reads:

"In order to establish causal connection, the negligence must have been such that without it the injury would not have occurred; but the existence of such causal connection does not of itself make such negligence the proximate or legal cause of the injury, it being necessary to show that the negligence was the causa causans."

This headnote is supported by the cases of Elam v. Loyd, 201 Okl. 222, 204 P.2d 280; Sinclair Prairie Oil Company v. Stell, 190 Okl. 344, 124 P.2d 255; Champlin Refining Company v. Cooper, 184 Okl. 153, 86 P.2d 61. In the case first mentioned, we said:

"We have long adhered to the rule that although the violation of a statute

may be a negligent act, the violation does not constitute 'actionable negligence' unless the injury complained of is the proximate result thereof and the person injured is a member of the class intended to be protected by the statute and injury is of the kind statute intended to prevent. Sinclair Prairie Oil Company v. Stell, 190 Okl. 344, 124 P.2d 255; Champlin Refining Company v. Cooper, 184 Okl. 153, 86 P.2d 61."

It is urged by the defendant that there is no causal connection between the violation of the city ordinance and the resulting injury.

In answer thereto the plaintiff urges that the negligent acts of the third party and that of the defendant were concurrent acts, and therefore the defendant is liable.

It would appear that the question of proximate cause is the only issue for determination. It is well settled that when the facts are not in dispute that proximate cause is a question for the court. See Midco Oil Corporation v. Hull, 182 Okl. 21, 75 P.2d 1126, wherein the court said in the opinion:

"* * * it is a well-established rule that whether there is any evidence tending to show causal connection between the acts of the defendants and the injury complained of is a question of law for the court. Chickasha Milling Co. v. Plowman, 94 Okl. 170, 221 P. 476; Hepner v. Quapaw Gas Co., 92 Okl. 9, 217 P. 438; Prest-O-Lite Co., Inc., v. Howery, 169 Okl. 408, 37 P.2d 303."

In the light of these rules, supra, let us examine the evidence above quoted.

The truck of defendant was parked on the right side of the street at a proper distance from the curb of the street some minutes prior to the accident. It was broad daylight, and the truck was visible for a long distance in the direction from which plaintiff approached. This truck was not moved prior to the accident. That the parking of the truck created a condition prior to the accident cannot be disputed, but was it such a "condition" that liability can be predicated thereon? The proper rule is set forth in the headnote to 65 C.J.S. Negligence § 111d page 693, as follows:

"Liability cannot be predicated on a prior and remote cause which merely furnishes the condition or occasion for an injury resulting from an intervening unrelated and efficient cause, even though the injury would not have resulted but for such condition or occasion; but a condition from which injury might have been anticipated or which rendered the avoidance of injury impossible will be the proximate cause notwithstanding an intervening agency."

Our court has on many occasions discussed the above rule. In determining whether the admitted negligence was the proximate cause or whether superseded by that of a third party and therefore not the proximate cause, this court has said:

"The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury." City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189.

In City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128, this court said:

"The general rule is that the causal connection between an act of negligence and an injury is broken by the intervention of a new, independent and efficient cause, which was neither anticipated nor reasonably forseeable. 38 Am.Jur. 724; Zipp's, Shearman and Redfield on Negligence, Rev.Ed., #37. In such case the negligence of the original wrongdoer is not actionable because it is only the remote, rather than the proximate, cause of the injury. 38 Am.Jur. 725. Thus where a

negligent act merely creates a condition making an injury possible, and a subsequent independent act causes the injury, the original act of negligence is not ordinarily the proximate cause thereof. City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045."

In Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501, this court said:

"To the same effect is the conclusion reached in the case of Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, 279, wherein the following language was used: 'Another consideration always to be given to the question of whether negligence is the proximate cause of an injury is whether such negligence as the efficient cause was connected with another cause to produce the injury, or whether the injury resulted from the intervention of some new and independent cause, which was neither anticipated nor reasonably foreseeable, and which operated independently of the original negligence and without which the injury would not have occurred. In such instances the intervention of the new, independent, efficient cause of injury comes between the negligence and the injury, and by such intervention insulates the original negligence so as to relieve the one guilty of the original negligence from liability for the wrong which the party intervening directly produces. See Wharton, Law on Negligence, 2nd, ed. § 134.' "

"In a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury." Booth v. Warehouse Market, Okl., 286 P.2d 721.

In Stephens v. Oklahoma City Ry. Co., 28 Okl. 340, 114 P. 611, 33 L.R.A.,N.S., 1007, we said:

" * * * The rule seems to be that where the negligent act causes consequences such as in the ordinary course of things were likely to arise, and which might, therefore, reasonably be expected to arise, or which it was contemplated by the parties might arise, liability follows; otherwise not. * * *"

■■ We believe these rules to be the proper standard by which it is to be determined whether the condition created by the parked truck was the proximate cause. This rule was expressed forcibly by the Oregon Court in the case of Leavitt v. Stamp, 134 Or. 191, 293 P. 414, where it said in the body of the opinion:

" * * * However, an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable. * * *"

To our minds it is not "reasonably anticipated" that a truck parked as this truck was will cause a third party to "crowd" a motorist to such an extent that he will be forced to crash into the parked vehicle when the parked car could be seen for a long distance, and no such action by the third party had been indicated. Not only could the action of the third party not be foreseen, but it was the sole and only cause of the collision and therefore the proximate cause.

The judgment of the trial court is reversed with directions to vacate the judgment rendered and dismiss plaintiff's action.

WILLIAMS, J., dissents.