**George S. YOUNG, Appellant,**

v.

**Joseph G. WHEELER, Dir., Gary Gardner, Personnel Mgr. DOC, Elvin Baun, Personnel Ofc., of DOC, and Larry R. Meachum, Dir, Ikl. DOC., Appellees.**

**No. 62031.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 3, 1985.

Released for Publication by Order of Court of Appeals Oct. 3, 1985.

George S. Young, pro se.

Linda L. Gray, Asst. Atty. Gen., for appellees.

HUNTER, Presiding Judge.

On April 14, 1982, appellant was hired by the Department of Corrections as a correction officer. The Department sent him to the George Nigh Staff Development Center for training. On June 23, 1982, while he was at the center he was terminated because he did not meet the statutory minimum age requirement.

On December 6, 1983, appellant filed a pro se petition in district court setting forth several causes of action against officers of the Department. He alleged several counts of negligence and violations of his civil rights based on the Constitution of the United States.

The Attorney General, on behalf of appellees, filed a general demurrer. Appellant did not retain counsel and was unable to attend the hearing on the demurrer because he was in the Department's custody in the Joseph Harp Corrections Center in Lexington.

The trial court sustained appellees' demurrer and ordered the petition dismissed with prejudice, finding it could not be amended to state a cause of action. Appellant timely filed his petition in error. He also filed an application which the Supreme Court treated as a request for oral argument and deferred its consideration until the merits. There is no absolute right to oral argument on appeal. See Rule 3.7, Rules on Practice and Procedure in the Court of Appeals. 12 O.S. 1981 Ch. 15 App. 3. Appellant's application for oral argument is denied.

The trial court based its ruling on the demurrer on two statutes.

57 O.S. 1981 § 510(2) provides:

[A]nd in the case of correctional officers and guards, subject to the following qualifications, except for those employed on the effective date of this act:

    a. the minimum age for service shall be twenty-one (21) years and the maximum age for service shall be sixty-five (65) years,....

In addition 74 O.S.1981 § 832 provides for a 6 month probationary period during which an employee may be terminated without redress by way of an appeal. Appellant had been on the Department's payroll less than two months when he was terminated. The letter advising him of the cessation of his employment stated the sole reason to be "your failure to meet the age requirement".

    As against a demurrer a petition must be liberally construed and all of its allegations of fact must be taken as true, together with all reasonable inferences therefrom. If any facts stated entitle a plaintiff to relief the demurrer should be overruled. *Johnson v. Steward,* 397 P.2d 907 (Okl.1964).

It appears clear to us that the trial court properly sustained appellees' demurrer as to allegations of improper termination of

appellant's employment, *See* 57 O.S.1981 § 510(2)(a); 74 O.S.1981 § 832, and deprivation of due process for the extinguishment of a vested right in his job. Our task in this appeal is to determine whether appellant's petition sufficiently stated a cause of action under principles of negligence, or whether his petition could have been amended to state such a cause of action. If any cause of action remained viable in appellant's petition, it was error to sustain appellees' general demurrer. *Johnson v. Steward, supra.* If the petition could have been amended to state a cause of action for negligence it was error to dismiss appellant's petition with prejudice. Briefly stated, the issue before us is whether appellant's petition states facts which entitle him to relief due to the alleged negligence of appellees in hiring him.

## I

Appellant is not one whom the statute intended to protect. Therefore, his injury was not foreseeable and no duty existed toward him.

■■■ The violation of a statute may be a negligent act in itself; however, the injury complained of must be the proximate result of the violation, and the person injured must be a member of the class intended to be protected by the statute. *Pepsi-Cola Bottling Co. of Tulsa, Okla. v. Von Brady,* 386 P.2d 993 (Okl.1964); *Sinclair Prairie Oil Co. v. Stell,* 190 Okl. 344, 124 P.2d 255 (1942). The injured person must go even further and show his injury was caused by "his exposure to a hazard from which it was the purpose of the statute to protect him," *Sinclair Prairie Oil Co. v. Stell, supra,* 124 P.2d at page 257; and unless the injury was foreseeable as the probable result of the negligence, it is not actionable. *Pepsi-Cola Bottling Co. of Tulsa, Okla. v. Von Brady, supra.* The appellant in the instant case is not, in our opinion, one who was intended to be protected under 57 O.S.1981 § 510(2)(a). The age requirement found there seems to us to be aimed more at insuring the efficient operation of correctional facilities in this state, rather than the protection of applicants. Therefore, appellees owed him no duty to first advise him of the particular age requirement before hiring him, and accordingly there was no negligent violation of the statute by the appellees. (No alleged violation of child labor laws is involved here.) The determination of whether a duty exists is an issue of law for the court. 57 Am.Jur.2d, *Negligence* § 34 (1971). The demurrer was thus properly sustained as to the alleged negligent violation of the statute.

## II

Appellees owed no duty to appellant under principles of common law negligence.

■■■ We must next consider whether appellant's petition stated a cause of action under principles of common law negligence. The elements necessary are: (1) the existence of a duty on the part of defendant to protect plaintiff from harm; (2) breach of that duty by defendant; and (3) injury to plaintiff resulting from that breach. *St. Louis-San Francisco Railway Co. v. Witty,* 327 P.2d 453 (Okl.1958). The failure to use reasonable care must be found in negligence cases in order to have liability. *Atchison, Topeka & Santa Fe Ry. Co. v. Messmore,* 339 P.2d 779 (Okl.1959). Reasonable minds could not possibly foresee that any harm would come to appellant because he was hired without being advised of the statutory minimum age requirement. If no harm could have been foreseen, no duty arose on the part of appellees to appellant. "The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise care." 57 Am.Jur.2d, *Negligence* § 58 (1971).

■■■ Where plaintiff is not entitled to recover, as a matter of law, under the facts alleged, a demurrer is properly sustained. *Ionic Petroleum, Limited v. Third Finance Corp.,* 411 P.2d 492 (Okl.1966). We

have already stated that the issue of whether a duty existed was a question of law for the court. Appellant did not and could not plead facts which would show the basis for a duty of appellees to him. Therefore, as a matter of law, the trial court was correct in sustaining appellee's demurrer and ordering the case dismissed with prejudice, and we AFFIRM.

AFFIRMED.

HOWARD, J., concurs.

HANSEN, Judge, dissenting.

Elemental to the majority's affirmance is the holding Appellant's petition cannot be amended to state a cause of action against Defendants. The trial court apparently reasoned because Appellant was terminated for cause and had no vested right to his job he could not have been deprived of any due process or other constitutional protections on which to base a cause of action.

If this were the extent of Appellant's petition I might agree. The core of Appellant's lengthy, but not inarticulate, petition is not that he was fired improperly but rather that Defendants were negligent in hiring him knowing the statutory age requirement, and knowing he was under 21 years of age and failing to inform him of this requirement. Appellant is not asking for reinstatement, he is seeking damages.

The statutory minimum age requirement has been in effect since May of 1974. Appellant alleges he stated his correct age on the application, but was not told of the age restriction. The allegations of his petition, broadly construed, could imply a duty on the part of the Defendants to screen applicants and inform them, before employing them, if they do not meet age requirements.

Appellant alleges Defendants breached this duty by disregarding "the data supplied". He further alleges Defendants' breach of their duty caused him extensive damages, including inability to obtain other employment, loss of his car, loss of his unborn child and various episodes of embarrassment to him by prison officials.

Although the majority surmises the statutory age requirement was enacted to insure the efficient operation of correctional facilities, it could be considered as a requirement protective of an employee in a hazardous position.

Cases are legion requiring a liberal construction of pleadings in the face of a demurrer, and in holding a trial court should be liberal in allowing amendments to pleadings. In disallowing Appellant the right to amend his petition, the majority enunicates a principle of law in Oklahoma not heretofore considered. It holds that under no set of facts could an employer ever be burdened with a duty to those it hires, to abide by the statutory qualifications for employment. Thus Appellant could never amend his petition with sufficient facts to state a cause of action. I do not believe this to be the law in Oklahoma.

I respectfully dissent.