## McDONALD v. CASTLE.

No. 11837—Opinion Filed Sept. 15, 1925.

Rehearing Denied Feb. 2, 1926.

**Animals—Liability of Owner from Damages by Trespassing Dog — Knowledge of Owner.**

The owner of a dog is not liable, in the absence of statutory provisions, for an injury inflicted by such dog upon the property of another unless such owner has notice, actual or constructive, of its inclination to commit such injury.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by C. C. McDonald against Cornelius E. Castle. Judgment for defendant, and plaintiff appeals. Affirmed.

John C. Graves, for plaintiff in error.

Charles G. Watts and C. E. Castle, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to as plaintiff and defendant, as they were designated in the court below.

The plaintiff recovered in the justice court and the defendant appealed to the district court of Wagoner county. It is alleged in the bill of particulars upon which the case was tried that the defendant was the owner of two bird dogs, known by him to be disposed to kill domestic fowls; that notwithstanding such knowledge, the said defendant permitted said dogs to roam at large and that on the 18th day of September, 1918, said dogs went upon the premises of the plaintiff and killed 15 turkeys belonging to the plaintiff, of the value of $4 each. The plaintiff prayed judgment for $60.

On the trial in the district court, the evidence on the part of the plaintiff tended to prove that at the time stated in the bill of particulars the plaintiff was the owner of two bird dogs and allowed them to run at large; that on said date said bird dogs with a "black long haired dog," whose ownership is not disclosed by the record, went upon the plaintiff's premises in his absence and killed 15 of his turkeys. There was no evidence on the part of the plaintiff tending to show that the defendant knew that his dogs were disposed to injure domestic fowl such as turkeys. At the close of the plaintiff's case, the court sustained the demurrer to the evidence and dismissed the cause. The plaintiff has perfected his appeal to this court and assigns as error the ruling of the court upon the defendant's demurrer to the evidence.

The sole question presented for our consideration is whether a recovery can be had against the owner of dogs for injuries inflicted by them upon the domestic animals of another in the absence of proof that the owner of such dogs had notice of their mischievous disposition. It is conceded that there is no statute fixing liability in such cases, and the rights of the parties must be determined by the common law.

At common law the presumption is that the dog is docile, tame and harmless both as to persons and property, and the owner is not liable for injuries resulting from the mischievous or vicious acts of his dogs unless he has knowledge, actual or constructive, that his dog is inclined to inflict such injuries. Domm v. Hollenbeck (Ill.) 102 N. E. 782.

At common law proof of scienter has always been considered necessary to make out a case against the owner for damages done by his dogs. R. C. L. vol. 1, page 1118, section 61; 2 A. & E. Ency of Law (2nd Ed.) 368-9; 3 C. J. 97, sec. 36. And this doctrine has been recognized by this court in Ayers v. McCoughtry, 29 Okla. 399, 117 Pac. 1088, Tubbs v. Shears, 55 Okla. 610, 155 Pac. 549. It follows that the trial court did not err in sustaining the demurrer to the plaintiff's evidence, and the case should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 97. §330.