Mozingo *v.* Cooley *et al.*

(Division A.  June 9, 1930.)

[128 So. 771.  No. 28739.]

W. M. Hutto, of Waynesboro, for appellant.

**Frank Clark**, of Waynesboro, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Mozingo, the appellant, sued the appellees, Cooley and wife, in a justice of the peace court for damages occasioned, as alleged, by a bull goring to death a mule belonging to the appellant. From that judgment there was an appeal prosecuted to the circuit court, and from a judgment there in favor of the appellees appeal is prosecuted here.

It was shown that the bull in question was allowed to run at large on the range in Wayne county, entered the lot of the appellant, and promptly gored to death a mule

belonging to appellant; the mule being in the private lot of its owner.

It was also shown in evidence that the bull had a good reputation; had never been vicious, and bore the reputation of being a quiet, gentle animal, without vicious propensities prior to this occasion.

There is evidence tending to show that the bull went from the public range into the private lot of the appellant where the mule was kept because of a gate being left open.

The court submitted the case to a jury on the theory that the owner of the mule was guilty of negligence in leaving the gate open or permitting it to be open, which negligence contributed to the owner's damage. It was further submitted to the jury that the appellant could not recover unless the animal was of vicious propensities, and the question of ownership of the bull was also submitted to the jury.

On the issue that the appellant was guilty of contributory negligence in permitting the gate to be left open, the question was not properly submitted to the jury. Chapter 263, section 3, Laws 1926, prohibits owners of animals of this kind from allowing them to run at large on the public range in Wayne county. Therefore, the bull was a trespasser wherever he did damage in thus being allowed to run at large, and the open gate was no defense to the action.

What we have said is also true relative to the question that the bull was a good, kind, gentle animal without vicious propensities. This does not constitute a defense to an action for damages where the animal inflicts damage while trespassing upon the property of another. See 3 Corpus Juris, section 318, p. 89, which, quoted in part, is as follows:

"But the owner of a domestic animal is not liable, in the absence of statutory provision, unless it is affirmatively shown either (1) that the animal was vicious, and that

the owner or keeper had knowledge of the fact, or (2) that the injury was committed while the animal was trespassing on the lands of another, or (3) that the injury was attributable to some other neglect on his part, in which cases proof of scienter is unnecessary."

In this case the court should have peremptorily instructed the jury that the owner of such an animal, or one in control thereof, who permitted, knowingly, the animal to run at large and trespass upon the land of another to such other's damage, is liable for the damages occasioned by the wrongful acts of the animal; there being an issue of fact only as to whether Cooley owned or was in control of the bull.

Reversed and remanded.