## MILLER v. DOBBS.

No. 27423.   Sept. 21, 1937.

Clayton B. Pierce, Truman B. Rucker, and Harold Sullivan, for plaintiff in error.

Newton & Pinson, for defendant in error.

PER CURIAM. This is a suit to recover damages for the death of a mule. The action was instituted in a justice court of Wagoner county, where the plaintiff prevailed. The cause was appealed to the district court and tried de novo to the court without a jury, and again the plaintiff prevailed. The defendant appeals the cause here and as grounds for reversal urges that there was no proof of any primary negligence on his part, while there was proof of negligence on the part of the plaintiff. We will continue to refer to the parties as they appeared in the trial court.

The facts are not in conflict. On the night of March 16, 1935, two of plaintiff's mules escaped from their corral and were on highway No. 51, at large and unattended. At about 9 o'clock p. m. of said date the defendant was driving an automobile along said highway at a speed of approximately 50 miles per hour when he observed the plaintiff's mules walking in single file across the highway and at a distance of approximately 125 feet in front of him. The highway was gravel and the defendant testified that it was impossible to bring his car to a stop in the distance of his vision, and that therefore he directed his efforts toward slowing his car and attempting to pass the mules. He successfully passed one of the animals but the other turned and wheeled in front of his car, was struck and died from its injuries.

The defendant was required to operate his car in conformity with the provisions of section 14, chapter 113, S. L. 1933, which so far as pertinent read as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

According to the defendant's testimony he did not have his car under control as required by the statute. In this respect the defendant was negligent. As said by this court in the case of Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312:

"It is the duty of a driver of an automobile traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision.

"The rule that a person traveling in an automobile upon a highway has a right to assume that all other persons using the highway will obey the law and that one is not bound to keep a lookout for others who may violate the law, applies only to those cases where the automobile is being driven in conformity to the law and not in violation thereof, and it has no application where the automobile is being driven in a negligent manner, where it is not properly equipped with lights, or where it is being driven at an excessive rate of speed. In those instances the primary negligence of the driver of the automobile renders inoperative the rule stated."

The contention of the defendant that there was no evidence sufficient to establish primary negligence on his part cannot be sustained. This brings us to the question of negligence on the part of the defendant. The mules of defendant were at large and unattended on the highway in violation of the statute, section 8994, O. S. 1931. The plaintiff concedes his negligence, but invokes the last clear chance doctrine. In the case of A., T. & S. F. Ry. Co. v. Ward, 32 Okla. 187, 120 P. 982, this court has heretofore pointed out that the fact that domestic animals are permitted to go at large in violation of the statute does not thereby license anyone to injure or kill such animals. On the contrary, the duty resting upon a person in a position such as that of the defendant here is stated to be that he must use ordinary care to avoid any injury to the animals after their discovery. This rule has been affirmed on numerous occasions. See St. Louis & S. F. Ry. Co. v. Brown, 32 Okla. 483, 122 P. 136; M., K. & T. R. Co. v. Savage, 32 Okla. 376, 122 P. 656. Whether there has been an exercise of proper care in a given case is ordinarily a question of fact to be determined by a jury, or where a jury is waived, by the court, from all of the circumstances surrounding the transaction. We are unable to say from the record before us that there is no competent evidence to sustain the trial court's finding of a lack of ordinary care on the part of the defendant under the circumstances here involved. This being true, the applicable rule is that stated in Springfield Fire & Marine Ins. Co. v. Oliphant, 150 Okla. 1, 300 P. 711:

"In a law action tried to the court, this court on appeal will not reverse the judgment because of insufficiency of the evidence where there is any evidence reasonably tending to support the judgment."

Finding no error, the judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.