Stella Ann **KEEFER**, Appellant,

v.

Clarence S. **HARTZLER**, Respondent.

No. 23375.

Kansas City Court of Appeals.

Missouri.

Nov. 6, 1961.

Felix V. Gross, Pleasant Hill, E. J. Murphy, Butler, John C. Milholland, Harrisonville, for appellant.

Ray L. Shubert, Harrisonville, Wesner & Wesner, Sedalia, for respondent.

MAUGHMER, Commissioner.

Plaintiff sued defendant to recover damages for personal injuries sustained by her on August 19, 1959, when the automobile she was driving upon a public highway in Cass County, Missouri, struck defendant's hog. It was established that at the time and place the Missouri Stock Law was in full force and effect.

Plaintiff's petition was in two counts. Count 1 was predicated upon the Stock Law and Count 2 charged general negligence. Count 2 was abandoned. There was a verdict and judgment for defendant and plaintiff has appealed. On appeal she charges the trial court with error in the giving of Instructions No. 3 and No. 4.

She presents no additional points or assignments of error.

At approximately 8:30 p. m. on August 19, 1959, plaintiff, accompanied by her husband and three young sons, was driving her automobile along No. 2 Highway—a blacktop road—about 4½ miles east of Harrisonville. She was driving with the lights on and dimmed them as she met another car. Almost immediately after meeting this other automobile her car struck a red hog owned by and in possession of defendant, who resided nearby. The hog was killed. Investigation by defendant and his tenant Mr. Gillespie, revealed that two other hogs of his were on the highway at the time. Defendant and Mr. Gillespie examined the fences and gates surrounding the 8 or 9 acre lot where his hogs were kept. They found the fences with woven wire tightly stapled to solid posts. The gates were all closed although one gate had not been pulled up snugly at the bottom, leaving an opening of three or four inches. Defendant said the hogs by rooting and pushing might have gone through this opening.

Section 270.010, V.A.M.S. known as the Missouri Stock Law provides in part:

"It shall be unlawful for the owner of any animal or animals of the species of horse, mule, ass, cattle, swine, sheep or goat, in this state to permit the same to run at large outside the enclosure of the owner of such stock, and if any of the species of domestic animals aforesaid be found running at large, outside the enclosure of the owner, * * * (the owner) shall also pay all persons damaged by reason of such animals running at large, the actual damages sustained by him or them; provided, that said owner shall not be responsible for any accident on a public road or highway if he establishes the fact that the said animal or animals were outside the enclosure through no fault or negligence of the owner. * * *"

There are two cases (Anderson v. Glascock, Mo.App., 271 S.W.2d 243 and King v. Furry, Mo.App., 317 S.W.2d 690), both by the St. Louis Court of Appeals, applying the Missouri Stock Law in its present form. When the basis of an action is statutory, as here, the precise language of the statute is controlling and cases from other jurisdictions involving differently worded statutes are not really helpful. In the Anderson case, supra, a judgment for plaintiff was set aside because of plaintiff's main Instruction P–2. This instruction told the jury that if they found "defendant's horse was loose and unrestrained on the highway" then they should find defendant to be negligent in not restraining the animal and that if plaintiff's injuries were a "direct and proximate result of such negligence" the verdict should be for plaintiff. The instruction was ruled improper because it made no reference to the word "permit" as used in the statute, and authorized a finding for plaintiff based on the mere presence of the horse loose and unrestrained upon the highway and utterly ignored the final provision of the statute to the effect that "[the] owner shall not be responsible * * * if he establishes the fact that said animals were outside the enclosure through no fault or negligence of the owner".

In the case of King v. Furry, supra, the court, among other rulings, approved plaintiff's Instruction No. 1 and defendant's Instruction No. 3 as proper in a Stock Law case. These instructions corrected the errors contained in those given in the Anderson case.

Consideration of the statute and these two cases leads to the following conclusions: The essential elements of plaintiff's case include proof as to the time and place of the accident, ownership or possession of the animal by defendant, that the Stock Law was in effect and proof of damage. Such proof and finding thereof entitles plaintiff to the verdict unless there is a further finding that the animal was out-

side the enclosure through no fault or negligence of the owner. In such cases it is the law and proper to instruct the jury that they may infer negligence on the part of defendant from the fact that the animal was on the highway at the time of the collision but such inference is not conclusive. It is further correct to charge the jury that the burden of proof by the greater weight of the credible evidence is upon defendant to prove that said animal was on the highway without any fault or negligence upon the part of the defendant or his agent.

We now examine and apply these conclusions as to Instructions 3 and 4, which plaintiff says are improper. In connection therewith we shall also consider Instruction No. 1, which is plaintiff's verdict-directing instruction. The texts of all three are set out.

"Instruction No. 1.

"The Court instructs the jury that if you find and believe from the evidence that on or about the 19th day of August, 1959, Stella Ann Keefer, was driving an automobile in an easterly direction on Highway No. 2 in Cass County, Missouri and that at the time and place mentioned in evidence plaintiff's automobile collided with a hog on Highway No. 2, and if you further find and believe from the evidence that on said date the provisions described and known in the evidence as the Missouri Stock Law was in full force and effect in Cass County, Missouri; if you so find, and if you further find that the hog with which Plaintiff's automobile collided was the property of or in possession of the defendant, if you so find, then you are further instructed that by the provisions known as the Missouri Stock Law is meant that provision of the Missouri Stock Law that required swine, among other animals, be restrained in an enclosure of the owner or possessor and not permitted to run at large and onto the Highway in question, and that one violating the

Missouri Stock Law 'shall also pay all persons damaged by reason of such animals running at large, the actual damage sustained by her or them,' unless you find that said hog was outside the enclosure through no fault or negligence of the owner or possessor. You are further instructed that you are entitled to infer negligence on the part of the defendant from the fact that the hog was on the highway at the time of the collision mentioned in evidence, but that such inference is not conclusive. You are further instructed that the burden of proof by the greater weight of the credible evidence is upon the defendant to prove that said hog was present on the highway without any fault or negligence on the part of the defendant or his agents, and unless you so find your verdict will be in favor of plaintiff and against the defendant".

"Instruction No. 3.

"The Court instructs the jury that although you may infer that Mr. Hartzler was negligent from the fact that his hog was out of the pasture and on the highway as described in evidence you are not required to so infer that he was negligent and you are further instructed that it is your duty to consider and decide first whether or not under all the facts and circumstances in evidence and all the reasonable inferences deducible therefrom the hog mentioned in evidence was outside Mr. Hartzler's pasture through no fault or negligence on Mr. Hartzler's part and until you have determined that issue you should not consider to what extent, if any, plaintiff Stella Keefer was injured as a result of colliding with the hog mentioned in evidence.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case for it is your sworn duty to decide it according to

the evidence and the instructions of the Court".

"Instruction No. 4.

"The Court instructs the jury that under the law Mr. Hartzler is not liable and plaintiff Stella Keefer is not entitled to recover merely because Mr. Hartzler's hog escaped from the pasture described in evidence and got out on Highway 2 at the time and place mentioned in evidence and you are further instructed that Mr. Hartzler is not responsible for the accident mentioned in evidence if you find and believe from the evidence that he has established as fact that the hog mentioned in evidence was outside said pasture through no fault or negligence on the part of Mr. Hartzler and if you so find then your can not find the issues in favor of plaintiff Stella Keefer and your verdict must be in favor of defendant Clarence Hartzler".

■ It is our opinion that Instruction No. 1 is a good, complete and proper instruction. It requires a jury finding upon all essential factual elements. It rightly informs the jury that they "are entitled to infer negligence on the part of defendant from the fact that the hog was on the highway at the time of the collision but that such inference is not conclusive". It also correctly informs the jury "that the burden of proof by the greater weight of the credible evidence is upon the defendant to prove that said hog was present upon the highway *without any fault or negligence* on the part of defendant or his agents". (Italics supplied).

On appeal plaintiff says Instruction 4 fails to hypothesize facts upon which the jury could find defendant free from negligence. This instruction told the jury that defendant would not be liable if "he has established as fact that the hog mentioned in evidence was outside said. pasture through

no fault or negligence on the part of Mr. Hartzler". Such is the law. It placed the burden of proof on defendant and the defense phrase "fault or negligence" is not only the wording of the statute but exactly the same phrase used in plaintiff's Instruction No. 1. The instruction was proper.

Plaintiff complains that Instruction No. 3 is argumentative and misdirects the jury that plaintiff's prima facie case was insufficient evidence upon which to base defendant's liability. The instruction told the jury that although they may infer defendant's negligence from the fact his hog was out of the pasture and on the highway, they were not required to so infer but to consider all of the evidence and they should first determine if the hog was on the highway through no fault or negligence of defendant before considering if Mrs. Keefer was injured. Again it seems to us that this instruction accords with plaintiff's Instruction No. 1 and correctly presents the law and the issues.

Instructions 1, 3 and 4 are basically quite like the instructions approved in King v. Furry, supra. We hold that the giving of Instructions 3 and 4 was proper and did not constitute reversible error. It seems to us that during the trial, counsel for both parties and the Court not only had a correct understanding of the law applicable to the case, but were in full and complete agreement. The evidence was properly presented, the instructions were complete and the jury passed upon the issues submitted. The appellant makes no additional assignments.

Therefore, the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.