### JOHNSON v. ROBINSON.

1. ANIMALS—TRESPASS—FINDING OF FACT.
    Trial court's finding of fact in action for damages caused by trespassing cattle of defendant *held*, not clearly erroneous and to have been supported by testimony.

2. SAME—TRESPASS—STRICT LIABILITY—FENCES.
    The owner of cattle, despite the absence of negligence on his part in maintaining the portion of a fence for which he is responsible, is strictly liable for damages resulting from trespass by the cattle on the lands of another (CL 1948, § 433-.104).

Appeal from Newaygo; Van Domelen (Harold), J. Submitted Division 3 June 5, 1968, at Grand

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Animals §§ 112, 128; 5 Am Jur 2d, Appeal and Error § 839.
[2] 4 Am Jur 2d, Animals §§ 49, 50, 54, 85, 88, 112.

Rapids.    (Docket No. 3,646.)    Decided June 24, 1968.

Complaint by Monte Johnson and Doris Johnson against Howard Robinson for damages caused by trespassing cattle. Judgment for plaintiff. Defendant appeals. Affirmed.

*J. Donald Murphy*, for plaintiff.

*Paul L. Greer*, for defendant.

PER CURIAM. Defendant appeals a judgment imposing strict liability upon him for the trespass of his cattle on plaintiffs' land. Review of the entire record does not disclose the factual determinations of the trial court sitting without a jury to be clearly erroneous. They were supported by testimony, and the finding of strict liability was proper under Michigan law. We agree with the trial court's opinion which reads as follows:

"The plaintiff owns and operates a farm adjoining the land on the west which is rented and operated by defendant.

"It is the claim of plaintiff that defendant's cattle escaped from the pasture of defendant, entered the public road, and from said road gained access to plaintiff's lawn which said cattle trampled and ruined for which plaintiff seeks compensation on the theory that defendant is liable for any damage resulting from said trespass.

"It is the claim of the defendant that the said cattle escaped from defendant's pasture through no negligence on the part of the defendant but as a result of an unusual flood which washed the fence away and permitted the cattle to reach the part of the line fence which was in disrepair and which plaintiff had a duty to maintain so that the cattle

trespassed on plaintiff's lawn as a result of plaintiff's own negligence which prevents plaintiff from recovering any resulting damages.

"This court finds that the defendant's cattle escaped from his pasture by reason of a flood which washed away the bridge and fence on the north end of defendant's pasture; that the cattle crossed defendant's land northward to the county road; that the cattle then went east along the road and upon plaintiff's lawn. This court further finds from the undisputed testimony of Emil Johnson that the north half of the fence between plaintiff and defendant was the obligation of defendant to maintain according to long established agreement between the owners of the adjoining lands; this court further finds that part of the damage claimed by plaintiff was actually on the county road right-of-way.

"The controlling legal question in this case is stated as follows: Is the owner of cattle who is free of negligence liable for damages resulting from their trespass on the lands of another?

"The Supreme Court of Michigan has answered that question in the affirmative. In *Collins* v. *Lundquist* (1908), 154 Mich 658, it is stated that no one is required to fence against his neighbor's cattle, and that the land owner may recover against the owner of cattle which trespass upon his lands. See, also, *Aylesworth* v. *Herrington* (1868), 17 Mich 417 wherein, Mr. Justice COOLEY at p 424 sets out the requirements for determination of legal requirements of line fence repairs. See, also, 2 Am Jur, Animals § 103, p 768; 4 Am Jur 2d, Animals § 49, p 300; 33 ALR 1303; CL 1948, § 433.104 (Stat Ann 1957 Rev § 18.834).

"Thus it appears that the law holds the owner of cattle strictly liable for trespass on the lands of another. Application of strict liability to the facts in this case makes defendant liable to plaintiff for any damage to plaintiff's lawn resulting from the trespass by defendant's cattle. This is true regard-

less of the fact that defendant may have been free of negligence.

"Part of the damages claimed by plaintiff was actually on the roadway and cannot be recovered by plaintiff.

"Therefore, the plaintiff is awarded damages in the amount of $160.00 and costs."

Affirmed. Costs to appellees.

McGregor, P. J., and Holbrook and C. Kaufman, JJ., concurred.