**Jay A. ROUK, Plaintiff in Error,**

**v.**

**J. N. HALFORD, Defendant in Error.**

**No. 42334.**

Supreme Court of Oklahoma.

Oct. 20, 1970.

Jack B. Sellers, Sapulpa, Joe A. Moore, Memphis, Tenn., of counsel, on the brief, for plaintiff in error.

John W. Young, David Young, Sapulpa, for defendant in error.

JACKSON, Justice.

Plaintiff, Jay A. Rouk, sued defendant, J. N. Halford, for damages to his automobile resulting from a collision in the nighttime with defendant's horse on a public highway in Creek County, Oklahoma. The trial court sustained a demurrer to plaintiff's evidence for the stated reason "there isn't sufficient evidence here to show that the owner of the animal, particularly this defendant, was negligent in allowing the animal to be on the road, or that the animal got into the road though the negligence of this defendant." Plaintiff has appealed.

The strongest evidence in favor of the plaintiff was his own testimony. He testified that he went to the defendant's home in the early morning following the accident and found the yard gate open. He interviewed the defendant at the scene of the accident during the morning and the defendant told him the pony was kept in the yard most of the time. He further testified:

"A. He (defendant) said it was his horse, that it belonged to the children, that he had given two hundred dollars for the horse for the children, and that they had left the gate open sometime during the night."

We understand this testimony to mean that the defendant, Halford, was the owner of the horse, and that he had bought the horse for the use of his children. No

member of defendant's family was called as a witness.

In McCullough v. Harshman (1924), 99 Okl. 262, 226 P. 555, this court held that a parent, as such, is not liable for the negligence of a child in handling an instrumentality (an automobile) furnished by the parent where the instrumentality is not per se dangerous, unless at the time of the act complained of the child was engaged in the pursuit of some purpose incident to the business of the father. In Stumpf v. Montgomery (1924), 101 Okl. 257, 226 P. 65, this court cited the McCullough case with approval and held that the liability of a parent for the tort of a minor child rests upon the same basic facts as the liability of a master for the acts of his servant. Plaintiff does not contend that defendant's children were acting as the agent or servant of their father at the time they left the gate open, and there is no evidence that the children habitually left the gate open.

In support of plaintiff's sole proposition that the trial court erred in sustaining defendant's demurrer to the evidence of the plaintiff he invites attention to Champlin Refining Co. v. Cooper (1939) 184 Okl. 153, 86 P.2d 61, wherein we said:

"Since the presence of a domestic animal, at large and unattended, contrary to statutory provisions, upon a public highway is not in itself prima facie proof of negligence on the part of the defendant, the burden was upon the plaintiff herein, affirmatively to prove the negligence on the defendant's part."

Plaintiff contends that the quoted statement is contrary to the weight of authority (This conclusion is debatable, anno. 59 A.L.R.2d 1328, 34 A.L.R.2d 1285) and that the time has come to bring the law of this state into accord with the weight of judicial authority. In this connection it is insisted that the presence of defendant's horse on the highway was sufficient to raise an inference of negligence and that the burden should be upon the defendant to go forward with any evidence that would prove that ordinary care had been exercised to prevent the horse from getting on the highway. If we followed the rule in this case as contended for by the plaintiff the plaintiff still has not made a case against the defendant. Plaintiff's proof is that the accident was caused by the negligence of the children and not by any negligence on the part of their defendant-father.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.