Max Alan CARVER, Appellant,

v.

L. D. FORD and Shirley R. Ford, Appellee.

No. 50729.

Supreme Court of Oklahoma.

Feb. 21, 1979.

Wendell W. Clark, Clark & Williams, Tulsa, Curtis A. Parks, Parks & Beard, Tulsa, for appellant.

Richard D. Gibbon, Joseph F. Clark, Jr., Tulsa, for appellee.

DOOLIN, Justice:

Plaintiff brought this action to recover damages for personal injuries claimed to have been caused by defendants' heifer. Defendants rented a stall from plaintiff in which to keep their heifer, with the understanding the heifer was to be confined to the stall or in the pasture at all times. One evening while one defendant was cleaning the stall, the heifer escaped into the yard. In her haste to escape, the heifer crashed into a gate plaintiff was in the process of opening. The gate hit plaintiff in the mouth and he suffered broken teeth and lacerations. This suit followed.

The petition, as amended, made general allegations of negligence on the part of defendants. At trial plaintiff presented evidence of the above recited facts plus additional testimony relating to the extent and severity of his injuries. The trial court sustained defendants' demurrer to plaintiff's evidence and overruled his motion for a new trial. Plaintiff appealed and the Court of Appeals reversed holding the evidence was sufficient to sustain a cause of action in both negligence and trespass. This court granted certiorari under rule 3.13 A(1) 12 O.S.1978 Supp. Ch. 15, App. 3.

Plaintiff argues two points in his appeal: (1) there was sufficient evidence of defendants' negligence to submit to the jury and, (2) recovery in strict liability for trespass by the heifer should have been allowed even without a showing of negligence on the part of defendants.

Ordinarily an unintentional and non-negligent entry on land in the possession of another, or causing a thing to enter the land, does not subject the actor to liability for any harm done unless he is engaged in an abnormally dangerous activity.[1] At common law however, this was not the rule when an animal, permitted to run at large, "broke the close" of another. If the animal did damage to the property or person of the possessor of the land on which the animal was trespassing, an action in aggravated trespass or trespass quare clausum fregit arose against the animal's owner.[2] The owner was liable as though he committed the trespass personally and was held strictly liable without regard to his negligence.

Some jurisdictions, particularly in western United States where vast unsettled areas made such a rule impractical, abrogated this common law doctrine and passed range laws which required livestock to be fenced out rather than fenced in.[3] Still later, being sensitive to changing social and economic pattern as less and less open range was available, these jurisdictions through court decisions or legislation, once again required an owner to keep his livestock adequately fenced or suffer the consequences.[4]

---

1. Restatement (Second) of Torts § 166 (1965):
   "Non-liability for Accidental Intrusions—Except where the actor is engaged in an abnormally dangerous activity, an unintentional and nonnegligent entry on land in the possession of another, or causing a thing or third person to enter the land, does not subject the actor to liability to the possessor, even though the entry causes harm to the possessor or to a thing or third person in whose security the possessor has a legally protected interest."

2. See *Robinson v. Kerr*, 144 Colo. 48, 355 P.2d 117, 88 A.L.R.2d 705 (1960); *McKee v. Trisler*, 311 Ill. 536, 143 N.E. 69 (1924).

3. *Bly v. McAllister*, 58 Wash.2d 709, 364 P.2d 500 (1961); 4 Am.Jur.2d Animals § 49.

4. *Nixon v. Harris*, 150 Ohio St.2d 105, 238 N.E.2d 785 (1968).

■ Recovery for *property damage* may be founded upon trespass, irrespective of any negligence in permitting the animal to stray. Where strict liability for *personal injury* is allowed however, it is frequently confined by courts to consequences which are reasonably to be expected from an invasion by an animal of the particular kind involved. Courts observing strict liability for livestock trespass recognize that an owner should not be responsible for every conceivable harm caused by his intruding animal. Many limit liability to a risk forseeable by the owner.[5]

Under these decisions the rule lies somewhere in limbo between absolute liability and liability based upon negligence.[6] If we adopt this approach, defendants' responsibility might or might not be said to extend to an unexpected injury such as that sustained by plaintiff. This elusive concept of trespass is more properly related to proximate cause and would seem to create more confusion than enlightenment. Accordingly we decline its application as a limit to strict liability.

Oklahoma, as have other states, passed laws requiring domestic animals to be restrained from running at large. 4 O.S.1971 § 98 enacted in 1965 provides:

"All domestic animals shall be restrained by the owner thereof at all times and seasons of the year from running at large in the State of Oklahoma. Damages sustained by reason of such domestic animals trespassing upon lands of another shall be recovered in a manner provided

by law. For the purpose of this act, domestic animals shall include cattle, horses, swine, sheep, goats, and all other animals not considered wild but shall not include domestic house pets."

*Shuck v. Cook*, 494 P.2d 306 (Okl.1972) was an action by a motorist injured in a collision with a stray bull on the highway. The cause of action was based upon the allegation this statute made owner of the bull strictly liable for plaintiff's injuries. This court held the above statute was not intended to protect motorists traveling upon the public highway against hazards created by straying domestic animals. Rather we adopted the view it was designed to protect crops and grazing lands.[7] This court affirmed a defendant's verdict and explained the jury was properly instructed as to a common law negligence action.

■ We agree this statute was not intended to create strict liability against the owner of the heifer in these circumstances. The heifer was not "running at large" as it merely escaped from the stall into the yard. Section 98 is part of the herd law of Oklahoma and is not designed to give a plaintiff a basis for recovery for personal injuries without proof of negligence or intentional trespass.

The decision in *Shuck* is consistent with holdings in other jurisdictions considering tort actions against owners of livestock that stray on the highway causing automobile accidents. The fact livestock is on the highway does not raise a presumption of negligence. An owner of an escaping animal

---

5. Prosser, The Law of Torts 4th ed. 518 (1971); 4 Am.Jur.2d Animals §§ 120.5, 120.6 (1978 Supp.).

6. 4 Am.Jur.2d, Animals § 89; 88 A.L.R.2d 720; *Vacca v. Steer*, 73 Wash.2d 892, 441 P.2d 523 (1968); *Fiene v. Robertson*, 184 Neb. 668, 171 N.W.2d 179 (1969) holding on uncultivated lands a wilful trespass must be proved; *Cornish v. Ford, Bacon & Davis Construction Corporation*, 304 So.2d 361 (La.App.1978); Affmd. 305 So.2d 123 (La.1974) putting burden of proof on owner to establish his freedom from negligence; *Nelson v. Tanner*, 113 Utah 293, 194 P.2d 468 (1948) holding if plaintiff were at fault, owner not strictly liable; *Walker v. Nickerson*, 291 Mass. 522, 197 N.E. 451 (1935) hold-

ing ground of liability was placing cow where it would be likely to escape; *Mozingo v. Cooley*, 157 Miss. 636, 128 So. 771 (1930) owner knowingly permitted bull to run loose; *Leipske v. Guenther*, 7 Wis.2d 86, 95 N.W.2d 774, reh. den. 7 Wis.2d 86, 96 N.W.2d 821 (1959) owner of horse that reached over fence and bit child in school yard not liable; *Ekwortzel v. Parker*, 156 Mont. 477, 482 P.2d 559 (1971); *Harris Park Lakeshore, Inc. v. Church*, 152 Colo. 278, 381 P.2d 459 (1963); *Johnson v. Robinson*, 11 Mich.App. 707, 162 N.W.2d 161 (1968).

7. See *Champlin Refining Co. v. Cooper*, 184 Okl. 153, 86 P.2d 61 (1938); *Merkle v. Yarbrough*, 378 P.2d 333 (Okl.1963).

should not be liable if, without his fault, the animal escapes enclosure such as generally required to restrain livestock.[8] We believe this to be the standard applicable to the facts at hand.

■ There is no doubt an owner of live-stock has a common law duty to prevent his animals from trespassing without reference to the above statute.[9] If it is shown an owner either intentionally or negligently permitted his livestock to run loose then he is responsible for all damages proximately caused by the animal's trespass.[10] Under *Shuck*, if the owner proves an animal was outside its enclosure through no fault or negligence by him, liability in trespass does not attach for damages unless covered by statute.[11]

■ This rule is limited to trespassing domestic animals not covered by statute and not known to be vicious.[12] Only negligence, not "scienter", need be proved before an owner of trespassing animal is liable.

■ We hold where a domestic animal, not known to be vicious and not permitted to run at large, escapes through no fault of its owner strict liability for trespass is not applicable. There is no allegation here that the animal was fractious. There is no evidence the heifer was "running at large". No damage was done to crops or pasture. Any liability of defendant must be predicated upon negligence.

■ The argument is also submitted plaintiff and defendants had an oral contract requiring defendants to keep the heifer penned or in the pasture. A breach of this contract, claims plaintiff, is a breach of duty, an element required in negligence. There is no question heifer escaped from the stall. This may or may not give rise to a breach of contract. But this is not a contract action; tort is the basis for the suit. While an injured party may waive the contract and bring a tort action, there must be shown a *tortious* breach of the contract not merely a breach. A breach of contract alone does not give rise to a tort action unless a party was negligent. Under either the theory of trespass or negligence, some fault on part of defendants must be shown.

■ The trial court sustained demurrer to plaintiff's evidence of negligence. A demurrer to evidence admits every fact which the evidence tends to prove but does not admit conclusions of fact or law unless they are attended by supporting evidence.[13] Testimony indicated responsibility for maintenance of the property was plaintiff's. There was no showing defendants had any duty or control regarding type or adequacy of the fences protecting plaintiff's yard. Part of chain link fence was knocked down or fell. Plaintiff offered evidence heifer was not in her stall and that heifer hit the gate which in turn hit him in the mouth. There was testimony dogs belonging to plaintiff were chasing the heifer. Plaintiff offered no evidence that defendants were in any way responsible for the heifer's being loose in the yard. The mere fact the heifer

8. For example see *Rodgers v. Webb*, 335 F.Supp. 584 (E.D.Tenn.1971); *Wilson v. Rule*, 169 Kan. 296, 219 P.2d 690 (1950); *Millard v. Smith*, 30 Colo.App. 466, 495 P.2d 234 (1972); *Blakley v. Glase*, 342 Ill.App. 90, 95 N.E.2d 128 (1950); *Anderson v. Glascock*, 271 S.W.2d 243 (Mo.App.1954); *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970); *Vaclavicek v. Olejarz*, 61 N.J. 581, 297 A.2d 3 (1972).

9. *Tulsa Stockyards Co. v. Moore*, 184 Okl. 6, 84 P.2d 37 (1938).

10. See n. 6 *supra*.

11. See *Cox v. Moore*, 394 S.W.2d 65 (Mo.App. 1965); *Clark v. Moore*, 341 So.2d 116 (Ala. 1976); *Keefer v. Hartzler*, 351 S.W.2d 479 (Mo.

App.1961); *Vangilder v. Faulk*, 244 Ark. 688, 426 S.W.2d 821 (1968); *Bryant v. McCann*, 297 So.2d 262 (La.App.1974).

12. See *McDonald v. Castle*, 116 Okl. 46, 243 P. 215 (1925). Also a keeper of *wild* animals is subject to other rules of law. *City of Tonkawa v. Danielson*, 166 Okl. 241, 27 P.2d 348 (1933); *Whitefield v. Stewart*, 577 P.2d 1295 (Okl. 1978). See also 4 O.S.1971 § 42.1 regarding liability of dog owners.

13. *Woodward v. Kinchen*, 446 P.2d 375 (Okl. 1968); *P.E.A.C.E. Corporation v. Oklahoma Natural Gas Company*, 568 P.2d 1273 (Okl. 1977).

was out of the stall does not give rise to a presumption of negligence.[14]

Trial court correctly sustained demurrer to plaintiff's evidence.

OPINION OF COURT OF APPEALS VACATED. TRIAL COURT AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

---

14.  *Millard v. Smith*, 30 Colo.App. 466, 495 P.2d 234 (1972).