Kris **KELLEY**, Appellant,

v.

Tom **BARRETT**, Appellee.

No. 81936.

Supreme Court of Oklahoma.

May 30, 1995.

Rick W. Bisher, Boettcher and Ryan, Oklahoma City, for appellant.

Jerry Fraley, Cathcart, Gofton & Fraley, Oklahoma City, for appellee.

WATT, Justice.

## FACTS AND PROCEDURAL HISTORY

At about 10:30 p.m. on April 13, 1992 Plaintiff, Kris Kelley age 21, was driving east on Southwest 89th Street, near Rockwell Av-

enue, in Oklahoma City. He was on his way to work as a night clerk at the 7–Eleven store on Northwest 50th and MacArthur. Plaintiff struck Defendant's horse as it came from an adjacent drainage ditch on the south side of the road. The horse hit Plaintiff's windshield, and Plaintiff lost control of his truck, which struck a tree and overturned. The truck was totally destroyed and Plaintiff suffered personal injuries sufficient to incur medical expenses of about $500.00 and lose three weeks of work. Plaintiff sued Defendant for his damages on July 2, 1992, and the case was tried on June 14, 1993.

Plaintiff lived with his parents, Mr. and Mrs. Jim Kelley, on an acreage that abutted Southwest 89th Street, a few blocks west of the accident location. Defendant's property is nearby, and also abuts the south side of 89th Street. Cassius Brookshire's land lies between Defendant's and Jim Kelley's, and like theirs, abuts 89th Street. Both Jim Kelley and Brookshire testified that when they and Defendant bought their properties in 1977 the fence abutting 89th street was in disrepair. Jim Kelley and Brookshire replaced their fencing along 89th Street at that time, but Defendant had never done so. Kelley testified that Defendant's fences were "not the kind of fences that I thought was proper." Brookshire testified that he "observed that the wires were loose from the posts, they were sagging. It was in need of repair on more than one occasion." Jim Kelley and his daughter testified that Defendants animals had got loose and strayed onto their property on at least three occasions. Grady Simpson, a former neighbor, testified that when he lived near Defendant's property, a few years before, Defendant's fences "wasn't in good repair because the horses came over to visit" at least twice. At the conclusion of Plaintiff's case Defendant demurred to Plaintiff's evidence. The trial court sustained Defendant's demurrer.

## DISCUSSION

The sole issue in this case is whether the trial court erred in finding that there was insufficient evidence of Defendant's negligence to submit the matter to the jury. We hold that the trial court did err.

### The Standard of Review

■ In ruling on Defendant's demurrer to the Plaintiff's evidence, the trial court was obliged to take as true all evidence and the reasonable inferences to be drawn from Plaintiff's evidence that favored Plaintiff. Any evidence unfavorable to Plaintiff had to be ignored. *Byford v. Town of Asher*, 874 P.2d 45, 47 (1994), citing *Blood v. R & R Engineering, Inc.*, 769 P.2d 144, 145 (Okla. 1989) and *Messler v. Simmons Gun Specialties*, 687 P.2d 121, 130 (Okla.1984). "If there is any evidence which tends to show a right to recover, the demurrer is overruled and the case allowed to proceed." *Id.*

### Plaintiff's Evidence and the Inferences to be Drawn from it were Sufficient to Withstand a Demurrer

■ Defendant relies on *Carver v. Ford*, 591 P.2d 305 (Okla.1979) in support of his contention that Plaintiff failed to make a prima facie case. *Carver* is inapplicable to the facts of this case. In *Carver*, there was no claim that the defendant's animal, a heifer, escaped because the defendant's fences were in bad condition. The defendants kept the heifer in a stall that they rented from the plaintiff. The heifer escaped from its stall into a yard, also owned by the plaintiff, while one of the defendants was cleaning the stall. The plaintiff was injured when the heifer, in her haste to escape, ran into a gate that the plaintiff was opening. The gate struck the plaintiff in the face, knocking out several teeth and cutting him. Maintenance of the property was the plaintiff's responsibility. Defendants had no duty or control over the fencing. Further, plaintiff offered no proof that defendants were responsible for the heifer being loose in the yard.

Neither *Carver* nor the other cases Defendant cites support his contention that his demurrer was properly sustained.[1] Here

1. The other cases cited by Defendant are: *Shuck v. Cook*, 494 P.2d 306 (Okla.1972) (Trial court submitted case to jury, which returned a defen-

dant's verdict. Propriety of sustaining a demurrer not an issue in the case.); *Rouk v. Halford*, 475 P.2d 814 (Okla.1970) (Demurrer sustained in

Defendant owned the fence through which his horse ostensibly escaped. Plaintiff presented evidence tending to show that Defendant's horses had escaped through his fence on other occasions, and that Defendant's fence was in disrepair. Plaintiff's evidence was sufficient to support an inference that when Plaintiff struck Defendant's horse on 89th Street, the horse was there because it had escaped by reason of Defendant's negligently maintained fence.[2] As we reverse the judgment and remand the matter for further proceedings, the matter reverts to the status it would have had if no trial had been held. Consequently we instruct the trial court to allow the parties further discovery, should they desire it. *Seymour v. Swart,* 695 P.2d 509, 512–13 (Okla.1985).

CERTIORARI PREVIOUSLY GRANTED, COURT OF APPEALS OPINION VACATED, DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH INSTRUCTIONS.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, OPALA and SUMMERS, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. Plaintiff failed to establish a prima facie case of negligence and the trial court properly sustained defendant's demurrer to the evidence.

There was no showing that defendant was negligent in allowing the horse to escape. In fact, there was no showing that the horse *did* escape. Plaintiff presented no evidence which placed the horse in the field on 89th Street enclosed with "sagging wire" before the accident, or how it came to be on the road.

The mere fact that livestock is on a roadway does not raise a presumption of negligence on the part of the owner. *Carver v. Ford,* 591 P.2d 305 (Okl.1979); *Shuck v. Cook,* 494 P.2d 306 (Okl.1972); *Rouk v. Halford,* 475 P.2d 814 (Okl.1970); *Champlin Refining Company v. Cooper,* 184 Okla. 153, 86 P.2d 61 (1938); *Miller v. Dobbs,* 180 Okla. 576, 71 P.2d 737 (1937).

We have recognized that actionable negligence may be established by circumstantial evidence, but an inference of negligence must be based on something more than mere speculation or conjecture. An inference has been defined as a deduction which is permissible under the evidence and we have held that a legitimate inference must have as its basis evidence which is certain. *Stumpf v. Montgomery,* 101 Okl. 257, 226 P. 65 (1924) *Barger v. Mizel,* 424 P.2d 41 (Okl.1967); *Beatty v. Dixon,* 408 P.2d 339 (Okl.1965). It is not sufficient to introduce evidence of a state of facts simply consistent with or indicating a mere possibility of negligence, or which suggests with equal force and leaves fully as reasonable an inference of the non-existence of negligence. The inference of negligence must be the more probable and the more reasonable inference to be drawn from the evidence. *Beatty v. Dixon,* supra. The majority reaches its result by basing an inference on an inference, an approach prohibited by our cases. *Barger v. Mizel,* supra; *Beatty v. Dixon,* supra. Only by conjecture and speculation can the majority conclude (1) the horse had been confined behind the sagging wire fence on 89th Street, (2) it escaped therefrom, and (3) its escape was due to defendant's negligence.

An inference may be based upon another inference only so far as the interests of justice require. But, an inference cannot be based upon another inference when the matter sought to be established could have been

---

favor of owner of animal that escaped because owner's children left gate open.); *Champlin Refining Co. v. Cooper,* 184 Okla. 153, 86 P.2d 61 (1938) (Violation of 4 O.S. 131 (since repealed) did not make a prima facie case of negligence where plaintiff presented no proof to support his negligence claim.); *Miller v. Dobbs,* 180 Okla. 576, 71 P.2d 737 (1937) (Judgment on the merits for plaintiff owner of mule against defendant motorist, who struck and killed it. Propriety of

sustaining a demurrer not an issue in the case.); and *Vammen v. Kinsey,* 181 Okla. 92, 72 P.2d 497 (1937) (Jury verdict for owner of mule against motorist who struck and killed it affirmed. Propriety of sustaining a demurrer not an issue in the case.).

**2.** Because of the result we have reached we need not address the balance of Plaintiff's contentions.

proved by direct evidence which was within the plaintiff's power to produce. *Rogers v. Cato Oil & Grease Co.*, 396 P.2d 1000 (Okl. 1964).

Plaintiff bore the burden of showing the existence of defendant's alleged negligence and that his negligence was the proximate cause of plaintiff's injury. Plaintiff failed to carry his burden and the trial court's ruling in favor of defendant was correct. The Court of Appeals' decision affirming that judgment is correct and we should deny certiorari.

I am authorized to state that Justice HARGRAVE joins with me in the views expressed herein.