1998 OK CIV APP 174

**Jerry Carl JACKSON, Plaintiff/Appellant,**

v.

**James LANKFORD, Defendant/Appellee.**

**No. 91518.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 30, 1998.

**3.** *See* 85 O.S.Supp.1985 § 43(A).

Dan R. Brown, Lawton, Oklahoma, For Appellant.

Greg D. Givens, Oklahoma City, Oklahoma, For Appellee.

## OPINION

GARRETT, Judge:

¶ 1 Appellant was driving a motor vehicle on U.S. Highway 62 on November 18, 1996, at night. Suddenly, a bull appeared on the highway in the path of the vehicle and it collided with the bull. Apparently, Appellee owned the bull. Appellant alleged he suffered personal injuries and property damage as a result of the collision. He sued Appellee[1] for damages, alleging Appellee was negligent in that his fence was in a poor state of repair which permitted the bull to escape and roam on the highway, causing a dangerous condition which was unknown by Appellant. Appellee filed a motion for summary judgment with evidentiary materials attached. Appellee claimed he was not negligent, and his evidentiary materials supported his claim. Appellant responded and attached his evidentiary materials. The court sustained Appellee's motion for summary judgment and entered judgment as follows:

> Plaintiff has the burden of proof of showing the existence of Defendant's negligence, if any, and that negligence was the proximate cause of the Plaintiff's injuries. Plaintiffs have failed to prove any negligence on the part of the Defendant.

> The Court then entered judgment in favor of the Defendant.

> It is therefore, ordered, adjudged and decreed, that judgment be entered in favor of the Defendant and against the Plaintiff.

■ ¶ 2 In his motion for summary judgment, Appellee alleged the "Uncontroverted Facts", included:

> 2. Prior to the accident the animal was corralled by a six-strand barbed wire reinforced with wire cow panels. . . .

> 3. Said fence was secured by metal T-posts and wooden posts placed approximately six feet apart. . . .

> 4. The reasonable and customary height of a fence use (sic) to corral livestock in this industry is between four and five feet. This defendant's fence is approximately five feet in height. . . .

> 5. This defendant's bull escaped by jumping over said fence and reinforced panels. . . .

---

1. This case was originally filed in Comanche County, Oklahoma. The case was consolidated with the case brought by Appellant's passenger, Shirley A. James, against Appellant. The venue of the case was transferred to the District Court of Caddo County. Ms. James is not a party to this appeal.

6. The fence and panels were not damaged on November 18, 1996, prior to the animal's escape....

7. This defendant has been in this industry since 1981 and has never had a bull escape by jumping a fence....

8. This fence exceeds the standard height and strength that is reasonable and customary in this industry....

¶ 3 Appellee supplied photographs of his fence, posts and panels, together with proper affidavits. In response, Appellant attached photographs of Appellee's fence which he claims show "that the fenced enclosure was wholly insufficient to contain a bull." He also alleged that Appellee's photographs show "that the fence was wholly inadequate due to the fact it was no more than three (3) to three and one-half (3 ½) feet high and the bull in question was five (5) feet tall." However, the trial judge did not so view the pictures. He also contended the evidence indicated Appellee was negligent "in failing to properly inspect the fence and maintain control of his livestock." He contends the issues of fact in dispute herein are: (1) whether the accident was caused by the negligence of Appellee in allowing his bull to run loose, and (2) whether Appellee maintained the fence in an inadequate manner, thereby allowing the bull to escape and run loose.

¶ 4 In *Carver v. Ford*, 1979 OK 26, 591 P.2d 305, the Supreme Court held, under 4 O.S.1991 § 98,[2] part of Oklahoma's Herd Law, unless the owner intentionally permitted his heifer to run at large, the basis of a motorist's claim against the owner must be negligence. The Court specifically held that the statute was not intended to create strict liability, in favor of motorists on highways, against the cattle owner. Also, in that case, as here, there was no evidence that the animal was intentionally permitted to run at large. The Court said:

[T]he fact livestock is on the highway does not raise a presumption of negligence. An owner of an escaping animal should not be liable if, without his fault, the animal escapes enclosure such as generally required to restrain livestock. We believe this to be the standard applicable to the facts at hand.

. . .

We hold where a domestic animal, not known to be vicious and not permitted to run at large, escapes through no fault of its owner strict liability for trespass is not applicable. There is no allegation here that the animal was fractious. There is no evidence the heifer was "running at large". No damage was done to crops or pasture. Any liability of defendant must be predicated upon negligence.

¶ 5 In *Carver, supra,* the trial court sustained the defendant's demurrer to plaintiff's evidence. Because plaintiff offered no evidence that defendant was intentionally or negligently responsible for the heifer being loose, the Supreme Court held the trial court correctly sustained the demurrer to the evidence.

¶ 6 In the instant case, Appellant failed to show that Appellee permitted his bull to run at large, or that the fence was not properly maintained. Appellant failed to show that Appellee's maintenance of the fence, or lack thereof, was the reason the bull escaped, or was the proximate cause of the collision. The picture shows the place where the bull obviously jumped over the fence, but, it is still standing. Appellant presented no evidence that the fence was not equal to the standard used in the industry to restrain cattle, or that Appellee had any knowledge that the fence was inadequate for the purpose for which it was used. We agree with the trial court that Appellant's evidentiary materials failed to show actionable negligence on the part of Appellee.

2. § 98. **Restraint of all domestic animals—Damages for trespass**

All domestic animals shall be restrained by the owner thereof at all times and seasons of the year from running at large in the State of Oklahoma. Damages sustained by reason of such domestic animals trespassing upon lands of another shall be recovered in a manner provided by law. For the purpose of this act, domestic animals shall include cattle, horses, swine, sheep, goats, and all other animals not considered wild but shall not include domestic house pets. [Footnote omitted].

¶ 7 Summary judgment is proper, where, as here, there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Erwin v. Frazier,* 1989 OK 95, 786 P.2d 61; *Thompson v. Peters,* 1994 OK CIV APP 97, 885 P.2d 686 (Cert. Denied 1994).

¶ 8 AFFIRMED.

JOPLIN, P.J. and JONES, V.C.J., concur.